[No. 19530.   Department Two.—March 13, 1895.]

LEE H. UTT, RESPONDENT, *v.* JOHN FREY, APPEL-
LANT.

WATER RIGHTS—POSSESSION OF DITCH IN LAND OF ANOTHER—CONVEY-
ANCE BY POSSESSOR.—Where a settler upon public lands of the United
States constructed a ditch to convey the waters of a creek to his house
and lands for domestic purposes and irrigation, and upon his death his
son in law, without transfer of any rights from his heirs, took posses-
sion of the property and utilized the ditch for the appropriation of the
water of the creek for domestic purposes and for irrigation of the land,
the son in law of the deceased owner thereby acquires a right by his
possession of the land and ditch which he can convey to a third party,
and which, if not lost by abandonment, is prior in time and superior in
right to the claim of a subsequent riparian proprietor whose right did
not vest until after the transfer of the ditch and water right by the
possessor thereof.

ID.—DATE OF POSSESSORY RIGHT.—Where there is no transfer of the rights
of a prior possessor or owner of land and a water right appurtenant
thereto, a right acquired by subsequent peaceable possession of the land
and appropriation of the water for useful purposes, dates from the date
of the possession and appropriation.

ID.—ABANDONMENT OF WATER RIGHT.—To abandon a water right acquired
by the use of water by appropriation there must be a concurrence of the
act of leaving it so that it can be appropriated by the next comer, with-
out the intention to repossess it; and the mere intention to abandon it,
not coupled with a yielding up of possession or cessation of user,˙ is not
sufficient, nor will nonuser alone, without intention to abandon, be held
to amount to an abandonment.

ID.—WATER RIGHT—WHEN NOT ABANDONED.—The facts that after the
conveyance of a ditch and water right to the plaintiff but little water
was used from the ditch for irrigation, and that the ditch became so
obstructed that it would conduct but a small quantity of water, do not

establish an abandonment of the ditch and water right, where it appears that the ditch was used continually to convey water for domestic purposes, and to some extent for irrigation, and that the intention of the plaintiff to retain his right was made manifest to the defendant by his course of action.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial.

The facts are stated in the opinion.

*Z. Montgomery*, for Appellant.

*Gibson & Titus*, for Respondent.

SEARLS, C.—This is an action to quiet the title of plaintiff to the water of the San Luis Rey river and its tributaries, and more particularly the water of Paubal creek, a branch of said river, and of a certain water ditch taking water therefrom, known as the Ardillo ditch, and formerly known as the Paubal ditch, situate in the county of San Diego, and used by plaintiff to conduct the water of said Paubal creek to certain land and premises of plaintiff described in the complaint.

The answer denied most of the material allegations of the complaint; admitted plaintiff's ownership of the land described in the complaint, riparian to said stream, and by way of cross-complaint set up ownership of certain land, riparian to said stream, and ownership of all the water of Paubal creek, etc.

The cause was tried by the court without a jury, written findings filed in favor of plaintiff, establishing his title to twenty-five inches of the water of Paubal creek, upon which judgment was entered, establishing the right of plaintiff to the Ardillo ditch, and to the prior right to the use of twenty-five inches of water of said Paubal creek during the irrigation season of each year, viz., from April 1st to November 1st of each year, etc. Defendant appeals from the judgment and from an order of the court denying his motion for a new trial.

The first error assigned by appellant is predicated upon the admission in evidence of a deed of conveyance of the Paubal water right and ditch, dated July 15, 1887, by Luis Ardillo to the plaintiff herein.

Its admission was objected to upon the ground that it was " irrelevant, immaterial, and incompetent."

The following statement is essential to a comprehension of the point made and other questions raised by appellant. There was testimony tending to show that as early as 1874 (all the lands now owned by plaintiff and defendant being then vacant, unoccupied public lands of the government of the United States), one Samuel Paubal settled upon the tract of land now owned by the plaintiff, known as the Paubal tract, and constructed a ditch from Paubal creek to said tract of land through which he diverted the water of said creek and conducted the same to his house and land, where he used it for domestic purposes and for irrigating a small vineyard, fruit trees, and several acres which he cultivated in corn, peas, etc.

Paubal continued to own and occupy the ditch until 1882 or 1883, when he died. Thereupon Luis Ardillo, a son in law of Paubal, without acquiring the legal title thereto by any conveyance, took possession of said land and ditch and continued to possess, occupy, and use them, including the water of said Paubal creek, through said ditch, until 1887, when he conveyed the land to one Magee, and the ditch and water right to plaintiff. Magee homesteaded the place in 1887, commuted the same April 18, 1889, and received a patent therefor from the United States dated January 19, 1891. Magee conveyed the Paubal tract of land to plaintiff October 2, 1889.

Defendant owns land upon Paubal creek above the land of plaintiff, upon which he filed his declaratory statement February 11, 1890, and entered the land at the United States land-office as a pre-emptor January 6, 1891, and received a patent therefor dated December 26, 1891. The head of plaintiff's ditch for say two

hundred and forty feet is upon the land patented to defendant.

In April, 1892, defendant commenced the construction of a ditch from Paubal creek to his land, completed it in the month of May following, which was capable of carrying forty inches of water, measured under a four-inch pressure, and since that time has diverted the water of the creek therein whereby plaintiff has been deprived thereof. The theory of appellant is that, as Ardillo never succeeded to the title of Paubal, the owner and constructor of the ditch, he had no title which he could convey to plaintiff, and therefore that his deed was inadmissible.

It is true that upon the death of Paubal the legal title to his estate vested in his heirs, subject to administration and the rights and incidents connected therewith, and the fact that the wife of Ardillo was the daughter and heir, or one of the heirs of Paubal, did not give to her husband, Ardillo, a right to convey the ditch and water right. We are not, however, called upon to consider the rights of the heir or heirs of Paubal, or any rights derived from or through them. Prior possession of real property is evidence of ownership, and, as against those who do not connect themselves with the title, such prior possession gives a superior right, although the true title may be outstanding in a third person, or, as in the present case, in the government of the United States. One who in California desires to appropriate the water of a stream upon the vacant and unappropriated public lands of the United States for a useful purpose may do so by the construction of a ditch or other medium of conduit, and actually appropriating the water and conducting it to some point where it can be utilized in fulfillment of such useful purpose; and by so doing he acquires, as against all subsequent appropriators and riparian proprietors acquiring title from the United States subsequent to such appropriation, the right to the quantity of water thus appropriated, and an easement or right of way into and over the public land

traversed by his ditch or conduit so constructed and used for such purpose. If one animated by a like desire to appropriate water under like circumstances finds a ditch already constructed to hand, takes peaceable possession thereof, and appropriates the water for a like or similar useful purpose, he thereby acquires a like right as against all the world, except the true owner or those holding under or through him. If nature or art has furnished the medium of appropriation he may avail himself of the gift or labor, without being held liable to those having no interest therein and in nowise connected therewith. To the owner of a ditch thus possessed and used such appropriator must account until his possession and user ripens into a title by prescription or adverse user. His right in such case will depend for priority, as against other appropriators of water from the same stream, upon the date of his possession and appropriation, and not upon the date of the original construction of the ditch and appropriation by some other person under whom he does not hold, and between whom and himself there is no privity of estate. His appropriation in such a case is a new and independent one, and must stand or fall upon its own merits.

It follows that when Luis Ardillo in 1882 or 1883, upon the death of Paubal, entered into possession of the Paubal ditch and land, appropriated the water of Paubal creek therein, and used the same for domestic purposes and for irrigating the land, and continued such user until 1887, he thereby acquired a right thereto which he could convey to the plaintiff, and which, unless lost by voluntary abandonment, was prior in time and superior in right to the claim of defendant to such water which did not vest in him as a riparian proprietor until 1890, and as an appropriator until 1892. It follows that the deed from Ardillo to plaintiff was properly admitted in evidence. It also follows for like reasons that the evidence objected to by defendant touching the taking of possession and user by Ardillo of the ditch and land of Paubal, without a conveyance, was per-

tinent and proper. In this connection it is proper to state that the finding of the court (No. 2), in which it is found that the plaintiff and his predecessors in interest have been the owners of the ditch in question since and during the year 1874, is erroneous. The evidence showed that the ditch was constructed by Paubal as early or earlier than 1874, but as Ardillo did not connect himself with the Paubal title his right to the ditch cannot receive any support therefrom, and had its inception in his possession and user, commencing in 1882 or 1883.

The error is technical, could not harm the defendant, and is not cause for reversal, for the reason that a finding that plaintiff and his predecessors have been the owners of the ditch since and during 1874 is tantamount to a finding that they have been such owners at every moment of time during such period; and, as the evidence supports such finding since 1882 or 1883, it fixes such ownership at a period anterior by some seven years to the inception of any right in defendant.

Appellant contends that if the plaintiff or his predecessors in interest ever had any irrigation water right in said ditch it was lost by abandonment. The right which is acquired to the use of water by appropriation may be lost by abandonment. To abandon such right is to relinquish possession thereof without any present intention to repossess. To constitute such abandonment there must be a concurrence of act and intent viz., the act of leaving the premises or property vacant, so that it may be appropriated by the next comer, and the intention of not returning. (*Judson* v. *Malloy*, 40 Cal. 299; *Bell* v. *Bed Rock etc. Co.*, 36 Cal. 214; *Moon* v. *Rollins*, 36 Cal. 333; 95 Am. Dec. 181; *St. John* v. *Kidd*, 26 Cal. 272; *Richardson* v. *McNulty*, 24 Cal. 345; *Willson* v. *Cleaveland*, 30 Cal. 192.) The mere intention to abandon, if not coupled with yielding up possession or a cessation of user, is not sufficient; nor will the nonuser alone without an intention to abandon be held to amount to an abandonment. Abandonment is a ques-

tion of fact to be determined by a jury or the court sitting as such. Yielding up possession and nonuser is evidence of abandonment, and under many circumstances sufficient to warrant the deduction of the ultimate fact of abandonment. But it may be rebutted by any evidence which shows that, notwithstanding such nonuser or want of possession, the owner did not intend to abandon. The finding of the court does not uphold the contention of appellant, and in this respect is correct. The most that can be said in favor of an abandonment is that for several years after the sale by Ardillo of the land to Magee, and the conveyance of the ditch and water right to plaintiff, but little water was used from the ditch for irrigation, and that the ditch became so obstructed by debris and vegetable matter that it would conduct but a small quantity of water. It was used, however, all along to convey water for domestic purposes, and to some extent for the purposes of irrigation.

The intention of the plaintiff to retain his right was made plainly manifest by requesting the defendant, who for some time was in the occupancy of the Paubal tract of land, to keep the water running in the ditch; by his effort to sell the water right, and later, when he succeeded to the ownership of the Paubal tract, by planting some fourteen acres to olive trees which could not be nurtured without the water from this ditch, and by his clearing out the ditch and running the water through it, except when prevented by the acts of defendant. No question of adverse possession or adverse user for a period sufficient to constitute a right arises in the case, and, under the adjudications of this court in the cases cited, and many others of like tenor and effect, it is not perceived how the court below could with any propriety have found in favor of an abandonment. The declaration of plaintiff in his letter to defendant of April 20, 1893, in which he stated that " the difference between us is only one-sixth of the stream, worth about two hundred dol-

lars, and which is relied upon by appellant as proof that the plaintiff only claimed one-sixth of the water, was fully explained by plaintiff where he said he and defendant were trying to compromise; that he had offered to take two-thirds of the water and in response defendant had proposed that each take one-half of the water. This would leave a one-sixth over which they differed, and thereupon he suggested the folly of a suit at law, which would cost one thousand dollars, over a one-sixth which was worth but two hundred dollars. Nothing seems to have come of the attempt to compromise, and the evidence, if admissible, was entitled to no weight. No estoppel was pleaded, and none was proven. The evidence as to the quantity of water appropriated through plaintiff's ditch ranged from one inch to one hundred inches.

The court found twenty-five inches as the quantity to which Utt was entitled, and this finding cannot be disturbed.

The judgment and order appealed from should be affirmed.

HAYNES, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFARLAND, J., TEMPLE, J., HENSHAW, J.

Hearing in Bank denied.