[Civ. No. 4863. First Appellate District, Division One.—April 16, 1925.]

## STANLEY HERBERT, Respondent, v. E. F. GRAHAM et al., Defendants; C. M. LANE et al., Appellants.

[1] LEASES—ABANDONMENT—INTENT.—While the question of abandonment is one of intention to be determined only upon an investigation of all the facts and circumstances, still where there is no dispute as to the facts or the inferences to be drawn therefrom the question becomes one of law.

[2] ID.—ABANDONMENT—EVIDENCE—QUIETING TITLE.—In this action to quiet title to certain premises upon which defendants held an oil lease, the finding of the trial court that defendants had abandoned said lease was unjustified by evidence which failed entirely to show any abandonment, but, on the contrary, at most showed a mere disuse or nonuser of the grant for the period of six or seven months.

[3] ID.—FORFEITURE—NOTICE. — If a lessor desires to declare a forfeiture on the ground that the land has not been fully developed, he must give notice of such intention, and a reasonable time must be given for the development; and, in the instant action, there is no evidence of any such notice.

[4] ID.—NOTICE — EVIDENCE. — In such action, information given by plaintiff to one of the defendants that he wanted him to resume or quit falls short of notice of a determination on his part to declare a forfeiture and cannot effectuate any such purpose. It merely indicated a dissatisfaction on the part of plaintiff and a desire to have operations resumed.

[5] ID.—NONUSER ALONE NOT ABANDONMENT.—Nonuser alone, without any intention to abandon, does not constitute an abandonment.

---

(1) 4 **C. J.**, p. 1008, n. 54.   (2) 40 **C. J.**, p. 1008, n. 55.   (3) 40 **C. J.**, p. 1026, n. 18.   (4) 40 **C. J.**, p. 1026, n. 18.   (5) 40 **C. J.**, p. 1099, n. 80.

APPEAL from a judgment of the Superior Court of Monterey County. J. A. Bardin, Judge. Reversed.

The facts are stated in the opinion of the court.

Porter & Sutton for Appellants.

J. A. Bardin and Russell Scott for Respondent.

TYLER, P. J.—Action to quiet title. The complaint is in the usual form. The answer sets forth that plaintiff and his wife had executed to defendant Graham a certain oil lease whereby they granted to him all the oil, gas, coal, sulphur, shale, and other minerals in and under the premises demised, and that this lease had been assigned to the appellants, who had entered upon the property and expended over $14,000 in sinking oil-wells, and had paid plaintiff the sum of $50 per quarter up to the thirty-first day of March, 1921, the date when drilling was commenced, as provided for in the lease. By an amended answer they allege that since they commenced drilling on the property they had sunk a well to a depth of 600 feet, and it then had to be abandoned, as it was destroyed by an earthquake, and they thereafter sank a second well to a depth of some 590 feet, and in the sinking thereof had used due diligence, and had continued work until December 31, 1921, when they were

compelled to stop drilling by reason of rains, storms, and impassable roads, but that they had left their rig, tools, and machinery upon the property and intended to resume operations; that plaintiff knew of these facts, and never gave appellants any notice to resume drilling, or that no extensions would be granted, but instead commenced this action on the thirty-first day of May, 1922.

Included in the lease were provisions to the effect that the lessee should drill a well upon the premises within one year from the date thereof or thereafter pay to the lessor $50 a quarter until the well was drilled or the property granted was reconveyed; and that unless a well had been completed to a depth of 2,000 feet (providing oil, gas, or other minerals were not found at a less depth) within two years from said date the lessor, by giving six months' notice in writing, could thereafter refuse to accept further rentals under the grant, and if before the expiration of such notice the lessee had not commenced a well on the premises the grant should be null and void and both parties released therefrom.

The trial court found that the lease had been executed between the parties, but that the same had been wholly abandoned by the assignees of the lessee, and judgment was accordingly rendered quieting plaintiff's title.

The contention of the appellants is that the facts shown do not as matter of law constitute an abandonment, and that the decree of the court in effect enforces a forfeiture entirely unjustified by the evidence.

Respondents, on the other hand, claim that the question of abandonment in a mining lease is a question of fact, and that the determination of the trial court on the subject is conclusive.

[1] While the question of abandonment is one of intention to be determined only upon an investigation of all the facts and circumstances, still where there is no dispute as to the facts or the inferences to be drawn therefrom the question becomes one of law.

[2] Given the most favorable interpretation for plaintiff, we are of the opinion that the evidence fails entirely to show any abandonment, but, on the contrary, it at most shows a mere disuse or nonuser of the grant for the period of six or seven months. Aside from this, the evidence also affirmatively shows that no notice of termination of the lease was

ever given.   [3]   If a lessor desires to declare a forfeiture on the ground that the land has not been fully developed, he must give notice of such intention, and a reasonable time must be given for the development (Thornton on Oil and Gas, 3d ed., 862).

Here there is no evidence of any such notice.   [4]   It is true that plaintiff informed one of the appellants that he wanted him to resume or quit, but this falls far short of notice of a determination on his part to declare a forfeiture and cannot effectuate any such purpose.   It merely indicated dissatisfaction on the part of plaintiff and a desire to have operations resumed.

Nor is there any merit in the contention that the evidence shows that the defendants abandoned the property and vacated the same upon receiving plaintiff's complaint as to the progress of the work.   Mr. Okell, to whom the notice to resume work was given, seldom visited the property.   His absence signified no intention of abandoning the same.   He left his machinery on the ground and his crew in charge, with directions to have the tools repaired so that operations might be resumed.   We have already referred to the fact that the evidence shows that two wells had been started; that the first was abandoned and the second had caved, in consequence of which work was suspended, and the machinery was left upon the property with a man in charge.   These acts rebut any inference that the assignees of the lease had abandoned the premises (*People* v. *Southern Pac. Co.,* 172 Cal. 692 [158 Pac. 177]).

[5]   Nonuser alone, without any intention to abandon, does not constitute an abandonment (*Utt* v. *Fry,* 106 Cal. 397 [39 Pac. 807]).

Appellants make the further contention that the lease in question provided for the payment of rent, and that they had paid the same up to the thirty-first day of March, 1921, in conformity with the terms of the lease, which did not provide for forfeiture upon nonpayment of rent, or contain any provision for a right of re-entry upon breach of this covenant. It is accordingly claimed that to give plaintiff a right to re-entry a demand for the rent was essential, as also to complete a forfeiture, citing *Sauer* v. *Meyer,* 87 Cal. 34 [25 Pac. 153].   Considering the conclusion we have reached this

question becomes unimportant, and a discussion thereof is unnecessary.

The judgment is reversed.

Knight, J., and Cashin, J., concurred.