[Civ. No. 2267.    Fourth Appellate District.—May 18, 1939.]

SEVERIN B. SANDRINI et al., Respondents, v. ED BRANCH, Appellant.

Frederick W. Welsh for Appellant.

Victor H. Parry and W. R. Bergman for Respondents.

MARKS, J.—Plaintiffs brought this action to quiet their title to one hundred sixty acres of land in Kern County. Defendants asserted their title under an oil lease dated March 28, 1935, made by M. Sandrini, now deceased, the then owner of the property and predecessor in interest of plaintiffs, and the United Exploration Company of Los Angeles, lessee and assignor of defendant Ed Branch. The trial court found that the lease was not supported by any consideration and rendered judgment for plaintiffs. This appeal from the judgment followed.

Counsel present two questions for our consideration: (1) Is the finding of no consideration supported by the evidence? (2) Is the oil lease any defense to the action to quiet title where it appears on its face that it could not be specifically enforced because of lack of mutuality of remedies?

The lease recites that it was made "for and in consideration of Ten Dollars, in hand paid, the receipt of which is hereby acknowledged, and of the covenants and agreements hereinafter contained on the part of Lessee to be paid, kept and performed".

It is thoroughly established that failure of consideration, or actual consideration, for a contract may be proved by parol evidence although a different consideration appears in writing. (Sec. 1962, subd. 2, Code Civ. Proc.; 19 Cal. Jur. 1027, and cases cited; 8 Cal. Jur. Ten-year Supp., p. 483, sec. 169, and cases cited.)

The record shows that the representative of the United Exploration Company of Los Angeles called upon M. Sandrini early in March, 1935, and discussed leasing his property for drilling for oil. The property was in what is known as

"Wildcat" territory and Sandrini was informed that no lease would be made unless sufficient other property could be leased to justify the expense of an exploratory well. He was told that no cash bonus would be paid but if the leases were made a well would be drilled to a depth of at least six thousand feet on his or some neighboring property. Sandrini expressed his desire to have the property explored for oil and his willingness to lease on those conditions.

On March 28, 1935, the leasing agent returned. The same representations were made as before, with the addition that the test well would be started within ninety days. The lease in question here was then executed. It is admitted that the ten dollars, the consideration named in the lease, was not paid Sandrini.

About fourteen hundred acres were placed under leases and on or about June 27, 1935, the drilling of a well was actually started on what is called the "Ricomini Property", which lay across a forty-acre tract from the Sandrini property. This well was drilled to a depth of over six thousand feet when it was abandoned because of mechanical difficulties. There is undisputed evidence in the record that this exploratory well showed "there is oil in that district. We had enough showing to show that there was oil there."

The parol evidence points unmistakably to the fact that the Sandrini lease was made on the express promise on the part of the lessee that the Ricomini well, or one on some property in the immediate vicinity of the Sandrini property, would be started at an early date and drilled to a depth of not less then six thousand feet. This well was actually started in about ninety days and drilling was prosecuted until a depth of over six thousand feet was reached in the latter part of July, 1935.

In *Brownfield* v. *McFadden*, 21 Cal. App. (2d) 208 [68 Pac. (2d) 993], it was said:

"A contract is supported by a sufficient consideration, if there is some benefit to the promisor or detriment to the promisee regardless of the amount of the benefit or detriment. (Sec. 1605, Civ. Code; 6 Cal. Jur. 168; 6 Ten-year Supp. 73, 74.)"

Certainly the facts of this case bring it within the foregoing rule. Sandrini desired to have the locality explored for oil. This was done. The lessee spent many thousands of dollars

in drilling this well. There was sufficient benefit to the promisor and detriment to the promisee to establish ample consideration for the lease.

In *Pimental* v. *Hall-Baker Co.* (*ante*, p. 697 [90 Pac. (2d) 588], we have dealt at length with the law governing the second question presented for our consideration. We there held that where an oil lease is supported by sufficient consideration, and where the interest of the lessee has not been terminated, or perhaps where he is not in default, the fact that the lease vests in him a present estate in the real property, is a defense to the action of the landowner lessor to quiet title against the lease even though it appears on the face of the lease that it cannot be specifically enforced by one party against the other because of lack of mutuality of remedies. We will not repeat the arguments made and authorities cited in that case.

The lease we are considering contained the following: "Upon the violation of any of the terms or conditions of this lease by the Lessee and the failure to remedy the same within sixty days after written notice from the Lessor so to do, then, at the option of the Lessor, this lease shall forthwith cease and terminate, and all rights of the Lessee in and to said land be at an end, . . . "

There is no evidence of a compliance with the foregoing provision on the part of plaintiffs or their predecessor in interest. In the case of *Scheel* v. *Harr*, 27 Cal. App. (2d) 345 [80 Pac. (2d) 1035], this was held to be a necessary prerequisite to the landowners' suit to quiet title against the lessee of his successor in interest. The lack of any evidence that the landowners gave this notice of default which was not remedied within the sixty-day period furnishes an additional reason why the judgment must be reversed.

The judgment is reversed.

Barnard, P. J., and Griffin, J., concurred.