[Civ. No. 16252.    Second Dist., Div. Two.    May 14, 1948.]

R. G. SWIGERT et al., Respondents, v. GUY N. STAFFORD, Appellant.

Anthony J. Fritz for Appellant.

Joseph R. Vaughn for Respondents.

MOORE, P. J.—This is an appeal from a judgment quieting title to certain leasehold interests in land situated in the Athens-Rosecrans oil field in Los Angeles County.

On November 1, 1943, plaintiffs executed two similar community oil and gas 20-year leases with Shell Oil Company. The leases were in substance and effect the same, as one of them referred to and incorporated in it the material provisions of the other, so that hereinafter reference will be made to them only as "the lease." The provisions of the lease pertinent to this appeal are as follows:

"1. On or before December 31, 1944, lessee shall commence operations for the drilling of a well on some portion of the leased land . . .

"5. The parties have expressed herein their entire understanding and agreement, and it is expressly stipulated that no implied covenants or conditions whatsoever shall be read into this lease relating to the drilling or production of any wells, offset or otherwise, or to any other operations of Lessee hereunder or the measure of diligence therefor, or to any thing to be done hereunder by Lessee . . .

"9. Notwithstanding anything to the contrary herein contained, this lease shall not expire or be terminated as a result of any failure of Lessee to conduct any operations on the leased land until ninety (90) days after written notice from Owner demanding the performance of operations and the failure of Lessee to comply therewith; provided, however, that in case of failure of Lessee to comply with any of its obligations hereunder and the continuance of such failure

for ninety (90) days after written notice and demand of Owner served upon Lessee specifying the obligation to be performed, then at the election of Owner this lease shall be forfeited and shall thereupon cease and determine as to all of the leased land . . .''

Shell Oil Company did not commence any drilling operations under the lease, and on December 13, 1944, assigned the leases to defendant. Notice of assignment was given to each landowner although the lease expressly permitted assignment without consent of any of the lessors.

Plaintiffs' complaint sought a declaratory judgment as to their rights of termination under the lease, and an adjudication of abandonment of the lease and a decree quieting title in plaintiffs. Shell Oil Company, Incorporated, filed its disclaimer in the action. Defendant Stafford demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action in that it failed to allege that notice of default had been given by plaintiffs to defendant as required by the express terms of the lease, to wit, ''this lease shall not expire or be terminated until ninety (90) days after written notice.'' The demurrer was overruled.

■ The complaint declares all the terms of the lease as set out above, but it does not allege notice to defendant demanding performance. Such omission required that defendant's demurrer be sustained. (Code Civ. Proc., § 430, subd. 6; *Callahan* v. *Broderick*, 124 Cal. 80, 82 [56 P. 782]; *Dixon* v. *Cardozo*, 106 Cal. 506, 507 [39 P. 857].) ■ Not only does section 9 of the lease specifically provide that before the lease can be forfeited 90 days' notice must be given, but it is established law that where an express forfeiture clause is incorporated in a lease, the landowner, in order to terminate the rights of the lessee, must comply with its terms by giving such notice as is prescribed thereby. (*Welport Oil Co.* v. *Fairfield*, 51 Cal.App.2d 533, 537 [125 P.2d 97]; *Jameson* v. *Chanslor-Canfield M. Oil Co.*, 176 Cal. 1, 5 [167 P. 369]; *Templar Mining Co.* v. *Williams*, 23 Cal.App.2d 45, 47 [72 P.2d 566]; *Sandrini* v. *Branch*, 32 Cal.App.2d 707, 710 [90 P.2d 593].)

■ Plaintiffs rely on *Romero* v. *Brewer*, 58 Cal.App.2d 759 [137 P.2d 872], which holds that, notwithstanding a conventional 60-day notice clause in the lease therein, notice to lessee was not required. But the lease in that case contained no provision that regardless of any other language the lease

should not be terminated for any failure of lessee to conduct operations. The court there read into the lease an implied covenant that the lessee in good faith go forward in compliance with the terms of the instrument. Paragraph 5 of the lease here involved specifically provides that no implied covenants or conditions whatsoever shall be read into the lease relating to drilling, or to lessee's measure of diligence, or to anything else to be done by lessee. The parties were therefore bound by the precise terms of their agreement. Where the covenants and conditions of a lease are so clear as to leave no doubt as to their meaning, and no latent ambiguity is involved, the instrument cannot be varied by proof of subsequent conduct of the parties or by the attendant circumstances. The parties to a solemn agreement are bound by its terms regardless of the hardships entailed thereby. (*Jameson* v. *Chanslor-Canfield Midway Oil Co.,* 176 Cal. 1, 8 [167 P. 369].)

The condition of a lease providing for its forfeiture must be strictly interpreted against the party for whose benefit it is created. (Civ. Code, § 1442.) Inasmuch as the purpose of notice was to insure to the lessors a strict compliance with the terms of the lease, or in case of default to retake the property, it follows that the requirement for notice demanding performance was for the benefit of lessors and is to be strictly interpreted against them. (*Taylor* v. *Hamilton,* 194 Cal. 768, 776 [230 P. 656].) *Rea* v. *Glenn,* 133 Cal.App. 82 [24 P.2d 204], does not avail respondents. In that case notice was given to lessees. Neither do they find comfort in *John* v. *Elberta Oil Co.,* 124 Cal.App. 744 [13 P.2d 538]. The general forfeiture clause contained in the lease there involved did not require notice to comply. Thus, in the decisions relied upon by respondents either conditions or covenants were implied by the leases, or notice was given or was not required.

In the conclusions of law there is a statement that defendants as lessees had abandoned any rights which they had under the lease. Even though such statement be considered a finding, yet it is without evidential support. Throughout the proceedings the lessee contended that the lease was in full force and effect and that notice and demand for performance was a condition precedent to a termination of his rights. Abandonment cannot be inferred unless it can fairly be shown that nonuser by lessee is coupled with an intent to relinquish all rights in the premises. (*Herbert* v.

*Graham,* 72 Cal.App. 314, 317 [237 P. 58] ; *Utt* v. *Frey,* 106 Cal. 392, 397 [39 P. 807].) There was no such proof.

Since in the instant case respondents have taken no appropriate measures for effectuating the termination of the appellant's rights, their present action was prematurely brought. (*Sandrini* v. *Branch,* 32 Cal.App.2d 707, 710 [90 P.2d 593] ; *Scheel* v. *Harr,* 27 Cal.App.2d 345, 353 [80 P.2d 1035].)

The judgment is reversed.

McComb, J., and Wilson, J., concurred.

A petition for a rehearing was denied June 3, 1948, and respondents' petition for a hearing by the Supreme Court was denied July 8, 1948. Carter, J., and Schauer, J., voted for a hearing.