[Civ. No. 3749.   Fourth Dist.   Mar. 9, 1949.]

MARVIN E. BERRY et al., Respondents, v. EDWARD A. KELLY, Appellant.

Mack & Bianco for Appellant.

West, Vizzard, Howden & Baker for Respondents.

MUSSELL, J.—Defendant appeals from a judgment in favor of plaintiffs in an action for injunction and damages.

Plaintiffs are the owners of real property in Kern County. The grant deed to them, dated April 5, and acknowledged May 8, 1944, contained the following reservations:

"Subject to existing oil and gas leases as of record and the Grantors herein reserve all things of value to be paid by said Lessees, their heirs or assigns, according to the terms of said lease or leases and any renewal, extention or modification thereof.

"Excepting and reserving unto the Grantors herein all oil, gas, petroleum or other hydrocarbon substances within or underlying or that may be produced and saved therefrom, together with the right to prospect for, mine and remove the same, provided that said Grantors agree that they will not hereafter execute any Oil and Gas Lease that does not provide to pay for any damage done to crops."

Defendant is the lessee named in an oil and gas lease executed by plaintiffs' grantors on May 20, 1942, covering the real property here involved. Prior to the time plaintiffs purchased the property, defendant, through a sublessee had drilled an oil well thereon cased with 8⅝ inch casing to a depth of approximately 3,000 feet. When plaintiffs took possession a derrick was in place and an area surrounding it of approximately 3.13 acres was covered by sumps, a ramp and oil saturated dirt. "Mechanical failures and different troubles" caused defendant to have the machinery and derrick removed and the well capped. Drilling operations have not been resumed by defendant and the property has remained as it was when plaintiffs obtained title.

Plaintiffs allege that defendant has abandoned the well and the sumps adjacent thereto; that the location of the well and sumps occupy approximately 2 acres of the property and that plaintiffs have been deprived of the use of the 2 acres for farming purposes; that unless an injunction is issued to compel defendant to remove the oil well and to fill in the sumps plaintiffs will be deprived of the use of the land for a long time to come; that the reasonable rental value of the surface rights of the 2 acres during the years 1944 and 1945 and a part of 1946 is $125 per acre for said period.

The trial court found that defendant had abandoned the well and the adjacent sumps; that plaintiffs had been deprived of the use of 5 acres of property; that the reasonable rental value of the land is $45 per acre and that the oil and gas lease between the lessors and Edward A. Kelly as lessee, was still in force and effect between said parties. Judgment was for the plaintiffs in the sum of $800 and defendant was restrained and enjoined from interference with and prevention of plaintiffs' use and enjoyment of the surface rights in that portion of the property surrounding and adjacent to the well, "unless such interference with said surface rights shall arise by reason of future bona fide operations under that certain Oil and Gas Lease upon said premises."

Defendant's first contention is that there is no evidence to justify the finding that he, as lessee, had abandoned the said well and well site.

Defendant testified that he had been involved in litigation concerning the property, which litigation was only completed a few days before the trial of this action; that a sublessee had defaulted on a lease and that it was defendant's intention to get someone else to go on the premises and put the well on production or do it himself; that he was able to get several parties to do the work but he could not go ahead until title to the property was cleared up; that he had entered into an agreement with an oil company to redrill the well and place it on production as soon as work was completed on a near-by well which was being redrilled; that he anticipated that the well here involved would be finished and on production in from 45 to 70 days; that he had never received any notice from any of the lessors in his original lease of any default of his on the terms of the lease. It was conceded that the well in question, known as Cauley No. 6, was a producing well, which made 120 barrels, 22 gravity.

■ Abandonment cannot be inferred unless it can fairly be shown that nonuser by lessee is coupled with an intent to relinquish all rights in the premises. (*Swigert* v. *Stafford*, 85 Cal.App.2d 469, 472 [193 P.2d 106]; *Herbert* v. *Graham*, 72 Cal.App. 314, 317 [237 P. 58]; *Utt* v. *Frey*, 106 Cal. 392 [39 P. 807].) As is said in 8 California Jurisprudence, Ten-Year Supplement, section 119, page 733:

"But of course, nonuser alone does not constitute an abandonment. In order that there be an abandonment, there must be an intention to abandon; and while such an intention may be inferred from the facts and circumstances of the case, mere inactivity, without more, is a wholly insufficient basis for any such inference."

■ Defendant's delay in drilling the well is not conclusive evidence of an intention to abandon or surrender the lease. Abandonment is a question of intention to be determined from all the facts. (*Alphonzo E. Bell Corp.* v. *Listle*, 74 Cal.App.2d 638, 646 [169 P.2d 462].)

■ There is no substantial evidence upon which the trial court could base a finding that defendant had abandoned the well and well site unless it can be said, as contended by plaintiffs, that the provisions of the oil and gas lease, under the circumstances, furnish such substantial evidence.

■ The lease provides in part as follows:

"It is distinctly understood and agreed between the parties hereto that if any well which is producing oil shall be put down and oil shall not be produced therefrom at any one time for a period of nine consecutive months, (except where such production shall cease because of regulation or order of any Government Board, Bureau or Official requiring such suspension of production or from other cause provided for herein), then and in that event such well shall be considered and treated as an abandoned well under the terms and conditions of this lease."

There is no evidence in the record before us that the original lessors were in any way dissatisfied with the conduct of defendant with respect to the Cauley well. No notice of default was ever given to him. The lease was never terminated, and the court so found. Plaintiffs state in their brief that "The plaintiff has not taken the position at any time that defendant could be restrained from bona fide operations under his oil and gas lease," and that "it is not maintained that respondents, as owner of the surface rights, would be entitled to forfeit the oil and gas lease." Plaintiffs acquired the property

subject to the terms of the lease, and any renewal, extension or modification thereof. We see nothing to prevent a waiver of abandonment or a renewal or modification of the lease by lessors. A forfeiture clause in an oil lease is for the benefit of the lessor and he may invoke it, or he may waive it as he pleases. (8 Cal.Jur. 10-Yr.Supp. 732.) In this connection a further provision of the lease is as follows:

"The possession by the lessee of said land shall be sole and exclusive, excepting only that the lessor reserves the right to occupy said land or to lease the same for agricultural, horticultural, or grazing uses, which uses shall be carried on subject to, and with no interference with, the rights or operations of the lessee hereunder."

The lessee was also granted the sole and exclusive right to produce, extract, take and remove oil, gas, asphaltum and other hydrocarbons from and to store the same upon the premises during the term of the lease. We are of the opinion that the provisions of the lease relied upon by plaintiffs do not furnish sufficient grounds for a finding of abandonment under the circumstances here shown.

The evidence does not show that defendant occupied or used more land in connection with the well than was in use at the time plaintiffs acquired title thereto, and there was no testimony that the area occupied surrounding the well was more than necessary for drilling operations or in violation of any of the terms of the lease.

Plaintiffs contend that it was incumbent on defendant to fill all sump holes and other excavations made and to clean up the property, but the lease provides that such work shall be done after the termination of the lease. Since the lease is admittedly still in effect we find no merit in this contention. (8 Cal.Jur. 10-Yr.Supp. 734.)

We conclude that the court erred in finding that plaintiffs were entitled to have the well and well site declared abandoned, and erred in awarding damages to plaintiffs. It is unnecessary to decide the remaining points raised by appellant.

Judgment reversed.

Barnard, P. J., and Griffin, J., concurred.