CRV IMPERIAL–WORTHINGTON, LP; Watermark Granite La Quinta, LLC; IC–Lemoore, LP; Innovative Communities, Inc. (formerly known as Innovative Resort Communities, Inc.), Plaintiffs,

v.

GEMINI INSURANCE COMPANY and Does 1–10, Defendant.

No. 10–CV–1010 H(CAB).

United States District Court, S.D. California.

Oct. 29, 2010.

See also 2010 WL 6110043.

Charles R. Grebing, Stephen C. Grebing, Jennifer E. Duty, Wingert Grebing Brubaker and Goodwin LLP, San Diego, CA, for Plaintiffs.

Howard N. Wollitz, Charlston, Revich and Wollitz LLP, Los Angeles, CA, for Defendant.

## ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT

MARILYN L. HUFF, District Judge.

On May 12, 2010, CRV Imperial–Worthington, LP, Watermark Granite La Quinta, LLC, IC–Lemoore, LP, and Innovative Communities, Inc. (together "Plaintiffs") filed a complaint against Gemini Insurance Company ("Defendant"). (Doc. No. 1.) On May 25, 2010, Plaintiffs filed a first amended complaint. (Doc. No. 3.) On August 4, 2010, 2010 WL 6110043, the Court granted Defendant's motion to dismiss the first amended complaint. (Doc. No. 8.) On September 3, 2010, Plaintiffs filed a second amended complaint ("SAC"). (Doc. No. 9.) On September 24, 2010, Defendant filed a motion to dismiss Plaintiffs' SAC pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 11.) On October 18, 2010, Plaintiffs filed a response

in opposition to Defendant's motion to dismiss. (Doc. No. 13.) On October 25, 2010, Defendant filed a reply in support of its motion to dismiss. (Doc. No. 15.) The Court determined that this matter is appropriate for resolution without oral argument and submitted the motion on the parties' papers pursuant to Local Civil Rule 7.1(d)(1). (Doc. No. 16.) For the reasons set forth below, the Court grants Defendant's motion to dismiss with prejudice.

## BACKGROUND

Plaintiffs are owners and developers of residential housing projects located throughout California. (SAC ¶ 11.) Before commencing their development projects, Plaintiffs obtained insurance policies from Defendant. (*Id.*) Defendant's insurance policies required an advance premium. (*Id.* ¶ 12.) Each of Plaintiffs' insurance policies contained a premium audit provision that required Defendant to conduct a premium adjustment and return any portion of the advance premium that is in excess of the coverage provided. (*Id.* ¶¶ 22, 34, 46, 58.) Gemini issued endorsements on each of the Plaintiffs' policies which deleted and replaced the premium audit provisions and allowed Gemini to keep the advance premium. (*Id.* ¶¶ 23, 35, 47, 59.) Plaintiffs allege that these endorsements are not enforceable. (*Id.* ¶¶ 24, 36, 48, 60.) Plaintiffs were unable to construct all of the homes they had anticipated building. (*Id.* ¶ 14.) Plaintiffs allege that Defendant has improperly failed to return Plaintiffs' excess premiums. (*Id.* ¶ 15.)

## DISCUSSION

### I. Motion to Dismiss Pursuant to Fed. R.Civ.P. 12(b)(6)

#### A. Legal Standard

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6)

tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir.2001). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Twombly,* 550 U.S. at 557, 127 S.Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955 (citing 5 *C. Wright & A. Miller, Federal Practice and Procedure* § 1216, pp. 235–36 (3d ed. 2004)). "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.,* 83 F.3d 1136, 1140 (9th Cir.1996); *see also Twombly,* 550 U.S. at 555, 127 S.Ct. 1955.

#### B. Breach of Contract

Plaintiffs' first cause of action is for breach of contract. (SAC ¶¶ 64–72.) Plaintiffs allege that the parties' insurance policies required Defendant to conduct a

premium audit and return any portion of the advance premium that was greater than the earned premium. (*Id.* ¶ 65.) Plaintiffs allege further that the endorsements Gemini issued altering the policies to make the advanced premium non-refundable are unenforceable because they deprive the policies of any consideration. (*Id.* ¶ 66.) Thus, Plaintiffs allege that Defendant failed to conduct an audit or return excess premiums due to Plaintiffs. (*Id.* ¶ 67.)

 In California, "[a] cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *CDF Firefighters v. Maldonado,* 158 Cal.App.4th 1226, 1239, 70 Cal.Rptr.3d 667 (2008). Under California law, consideration is an essential element of a contract. Cal. Civ. Code § 1550; *see U.S. ex rel. Oliver v. Parsons Co.,* 195 F.3d 457, 462 (9th Cir.1999). For consideration to be valid, "[t]he promisee must confer (or agree to confer) a benefit or must suffer (or agree to suffer)" and the benefit or prejudice "must actually be bargained for as the exchange for the promise." *Steiner v. Thexton,* 48 Cal.4th 411, 420–21, 106 Cal.Rptr.3d 252, 226 P.3d 359 (2010); *see* Cal. Civ. Code § 1605. Consideration can take form of a promise that is bargained for and given in exchange for an act or return promise. *Simmons v. California Institute of Technology,* 34 Cal.2d 264, 272, 209 P.2d 581 (1949).

Defendant Gemini's motion to dismiss argues that its promise to cover all the homes for which the plaintiffs purchased insurance for constitutes consideration. (Doc. No. 11 at 12.) Further, Gemini argues that even though plaintiffs failed to build all of the homes that they purchased insurance for, Gemini remains obligated under the contract to cover claims arising out of the homes that were completed. (*Id.*) In response, Plaintiffs argue that the advance premiums were calculated based on the projected completion and sale of the project. (Doc. No. 13 at 6.) Thus, the polices are devoid of consideration if Defendant is permitted to retain the advance premiums for policies not provided for. (*Id.*)

 The Court concludes that the endorsements do not deprive the policies of consideration. Under the policies, Gemini promised to insure the homes that Plaintiffs purchased insurance for. In exchange for this promise, Plaintiffs paid Gemini an advance premium, which, under the endorsement, is the minimum premium that Gemini retains. When this agreement was entered into, Gemini would have been legally bound by the agreement to insure the homes if the homes had been built. The fact that some homes were later not built does not void the consideration. *See Sandrini v. Branch,* 32 Cal.App.2d 707, 709, 90 P.2d 593 (Cal.App. 4th 1939) ("A contract is supported by a sufficient consideration if there is some benefit to the promisor or detriment to the promisee regardless of the amount of the benefit or detriment."). Plaintiffs have not alleged a breach of contract because the endorsements are supported by consideration. Plaintiffs have not alleged that Defendant may not keep the full advance premium under the endorsements. Accordingly, the Court grants Defendant's motion to dismiss Plaintiffs' first cause of action.

## C. Unjust Enrichment

Plaintiffs' second cause of action is for unjust enrichment. (SAC ¶¶ 73–79.) The Court previously dismissed this same cause of action in the first amended complaint. Plaintiffs allegations in SAC only differs in their allegation that they entered into the agreements based on a material

mutual mistake of fact—the assumption that the numbers of homes and lots anticipated on each project would actually be completed and be subject to the insurance policies. (*Id.* ¶ 74.) Plaintiffs further allege that because of this mistake, their consent to the policies was not real and they were induced to provide payment for the advanced premiums based on the mistake. (*Id.* ¶ 75–76.) As a result of the mutual mistake, Defendant retained premiums that are not proportionate to the coverage provided. (*Id.* ¶ 77–78.)

■■ "Unjust enrichment is an action in quasi-contract, which does not lie when an enforceable, binding agreement exists defining the rights of the parties." *Paracor Finance, Inc. v. General Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir.1996), *California Medical Ass'n, Inc. v. Aetna U.S. Healthcare of California, Inc.*, 94 Cal. App.4th 151, 171–72, 114 Cal.Rptr.2d 109 (Cal.App. 4th 2001). A claim for unjust enrichment requires pleading the "receipt of a benefit and the unjust retention of the benefit at the expense of another." *Lectrodryer v. Seoulbank*, 77 Cal.App.4th 723, 726, 91 Cal.Rptr.2d 881 (2000). "The mere fact that a person benefits another is not of itself sufficient to require the other to make restitution therefor." *Dinosaur Dev., Inc. v. White*, 216 Cal.App.3d 1310, 1315, 265 Cal.Rptr. 525 (1989).

■■ Ordinarily, a plaintiff must show that a benefit was conferred on the defendant through mistake, fraud, coercion, or request. *Nibbi Bros., Inc. v. Home Fed. Sav. & Loan Ass'n*, 205 Cal. App.3d 1415, 1422, 253 Cal.Rptr. 289 (1988). When both parties are mistaken about some fact, and neither is at fault or both are equally at fault, the mistake may prevent formation of the contract. *Merced County Mut. Fire Ins. Co. v. State of California*, 188 Cal.App.3d 662, 676, 233 Cal.Rptr. 519 (Cal.App. 5th 1987). The mistake generally must be about an "objective, existing fact." *Hedging Concepts, Inc. v. First Alliance Mortgage Co.*, 41 Cal.App.4th 1410, 1421, 49 Cal.Rptr.2d 191 (Cal.App. 2d 1996). "Where a belief or assumption under which a contract is made is rendered mistaken by subsequent events, the mistake generally will not support rescission of the contract." *YTY Industry SDN. BHD. v. Dow Chemical Co.*, No. CV 05–8881 SGL, 2009 WL 3633871, at *22 (C.D.Cal.2009); *see also Mosher v. Mayacamas Corp.*, 215 Cal.App.3d 1, 6, 263 Cal.Rptr. 373 (Cal.App. 6th 1989) (holding that such when facts are rendered mistaken by future events, they are "an 'error in judgment' " rather than a mistake of fact).

■ Defendant argues that its retention of the premiums does not void the contract because, as a matter of law, Plaintiffs bore the risk of the so-called mistake. (Doc. No. 11 at 16.) Citing *Grenall v. United of Omaha Life Ins. Co.*, 165 Cal. App.4th 188, 80 Cal.Rptr.3d 609 (2008), Defendant argues that Plaintiffs knew their expectations about future economic conditions were at best an educated guess and it was up to Plaintiffs to protect themselves by obtaining the insurance policy would allow them to pro-rate their premiums in the event that they did not build and sell all of the homes they anticipated. (*Id.* at 16–17). The Court agrees. The so-called mistake here is analogous to the mistake the *Grenall* plaintiff. *See* 165 Cal. App.4th at 193, 80 Cal.Rptr.3d 609. Moreover, Plaintiffs have not alleged sufficient facts to show that any mistake was mutual for Defendant Gemini. *See Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir.1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). The Court concludes that the Plaintiffs' alleged mutual mistake does not warrant invalidating the

policies. Accordingly, the Court grants Defendant's motion to dismiss Plaintiffs' second cause of action.

## D. Conversion

 Plaintiffs' third cause of action is for conversion. (SAC ¶¶ 80–86.) Plaintiffs allege that they are the rightful owners of the excess advance premiums and that Defendant wrongfully converted the excess advance premiums by refusing to return them. (*Id.* ¶¶ 81–82.) "Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion are the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages." *Plummer v. Day/Eisenberg, LLP,* 184 Cal. App.4th 38, 45, 108 Cal.Rptr.3d 455 (2010). Defendant contends that Plaintiffs have failed to plausibly allege that Defendant wrongfully exercised dominion over Plaintiffs' property because, by the terms of the contracts, Plaintiffs were not entitled to a refund of the advance premium. (Doc. No. 15 at 19.) The Court agrees. Plaintiffs have not shown they are entitled to a refund because (1) they have failed to allege facts that show the endorsements are unenforceable due to lack of consideration and (2) they have failed to allege facts that show the parties entered into the policies on a mutual mistake of fact. Accordingly, the Court grants Defendant's motion to dismiss Plaintiffs' third cause of action.

## E. Rescission

Plaintiffs' last cause of action is for rescission of the contract based on mutual mistake. (SAC ¶¶ 87–93.) Plaintiffs allege that they entered into each policy under a mutual mistake of material fact. (*Id.* ¶ 88.) As a result, their consent was not real, mutual, and free and they would not have given it but for the mistake. (*Id.* ¶¶ 88, 92.) Mutual mistake may make the contract subject to rescission by the party harmed. Cal. Civ. Code § 1689, *Guthrie v. Times–Mirror Co.,* 51 Cal.App.3d 879, 884, 124 Cal.Rptr. 577 (Cal.App. 4th 1975). The mistake must be material and "affect[ ] an essential element of the contract." *Id.* Plaintiffs' allegations under this cause of action are identical to their allegations in the unjust enrichment cause of action. Accordingly, for the same reasons, the Court concludes the mistake does not warrant rescission of the contract. Furthermore, the Court notes that the Plaintiffs did receive benefit from the contract—they have received insurance from the Defendant. Accordingly, the Court grants Defendant's motion to dismiss Plaintiffs' fourth cause of action.

## *CONCLUSION*

After due consideration, the Court GRANTS Defendant Gemini's motion to dismiss without prejudice. The Court grants the Plaintiffs 30 days from the date of this order to amend to cure the deficiencies—if they can—in the second amended complaint. The Court denies Plaintiffs' timeliness argument because Plaintiffs were not prejudiced by Defendant's delay.

**IT IS SO ORDERED.**