[Civ. No. 5985. Third Appellate District.—April 18, 1938.]

W. A. MOON et al., Respondents, v. M. M. MARKER et al., Appellants.

Will H. Winston for Appellants.

Pugh & Pugh for Respondents.

THOMPSON, J.—From a judgment which was rendered in a suit in ejectment, five defendants have appealed. They claim the right under a sublease to retain possession of section 31, township 25 north, range 5 west, M. D. M., being a

portion of a tract consisting of 45,126 acres of land in Tehama County, jointly leased for a specified term of ten years to M. Kinnebrew by numerous property owners for the purpose of prospecting for oil and gas. The lease was executed February 1, 1926. It contained the following provision:

"This lease shall continue for a period of ten years from and after the date of this agreement, and so long thereafter as oil or gas be produced on the above premises in paying quantities."

Within two months after the expiration of the ten-year term of the lease notices were served on the appellants and all other lessees to relinquish possession of their respective portions of the property. The original lessee, M. Kinnebrew, executed innumerable subleases of various portions of the tract, five or six thousand of which were recorded. None of the lessees, except the appellants, attempted to sink wells on their portions of the property. All lessees relinquished possession of their respective tracts except the appellants. Promptly after expiration of the term of the original lease, notices were served on the appellants to quit the premises and this suit was then commenced, March 31, 1936. The five appellants jointly appeared as individuals and filed their answer alleging that they held possession of said section 31 of the property described under mesne assignments of interests in the oil lease mentioned, and asserted that the lease "is now in full force and effect", and "that oil and gas was being produced by these defendants from said real property . . . in paying quantities on the first day of February, 1936".

At the trial the chief issue was whether oil or gas had been produced in paying quantities. The only well which was ever attempted to be drilled on the entire tract was commenced by the appellants in September, 1928. Operations on that well were conducted very spasmodically, and ceased in June, 1935. The well reached a depth of 4,424 feet. A slight quantity of oil was produced. The evidence is quite satisfactory that neither oil nor gas was produced therefrom in paying quantities. Prior to the expiration of their lease, February 1, 1936, the appellants attempted to secure a renewal of their sublease, which was refused. The lease was never renewed or extended.

The court found that the plaintiffs, Walter H., Anna L., Edwin H., Francis B., Elizabeth J., James E., and Eldora

Fay Heavey are the owners of section 31, township 25 north, range 5 west, M. D. M., in Tehama County, and are entitled to the possession thereof; that the appellants, who claim an interest in, and the right to, the possession of said section 31 by mesne assignments under the original oil lease to M. Kinnebrew, dated February 1, 1926, drilled thereon, prior to February 1, 1936, one oil well only, which was sunk to a depth of 4,424 feet, but which produced no oil or gas in paying quantities; that all operations thereon ceased in June, 1935; that their leases expired January 31, 1936, and that they therefore had no right to possession of any portion of the property subsequent to that date; that notices to relinquish possession of the property were served on the appellants February 19, 1936, and this suit was then promptly commenced. A decree was accordingly rendered against the appellants for possession of the property. From that judgment this appeal was perfected.

It is contended a demand and notice to surrender possession of the property was a necessary prerequisite to the maintenance of this suit in ejectment and that the notices which were served on the appellants were defective for the reason that they were not signed by all of the plaintiffs who claim an interest in other portions of the aggregate tract of land jointly leased by them. We are of the opinion there is no merit in this assertion. The oil lease which is involved in this case vested in the appellants no rights except the inchoate title thereto for the purpose of exploration and development of oil and gas according to its terms. (*Hall* v. *Augur,* 82 Cal. App. 594, 599 [256 Pac. 232].) Under the express terms of the lease those rights terminated January 31, 1936, unless oil or gas was previously produced *in paying quantities.* The only well which the appellants endeavored to drill was abandoned in June, 1935, seven months before the expiration of the ten-year term of the lease. The court found that well did not produce oil or gas in paying quantities. That finding is adequately supported by the evidence. The appellants offered no evidence in support of their answer which alleges that they had produced oil and gas in paying quantities. We must, therefore, assume the lease terminated, as the court found that it did, January 31, 1936. The provision of the lease with respect to the production of oil or gas in paying quantities, was a condition precedent

to the extension of the lease beyond the ten-year term thereof. The establishing of that condition as a fact became the only possible theory on which the appellants could claim any right of possession. (*Parks* v. *Sinai Oil & Gas Co.*, 83 Okl. 295 [201 Pac. 517]; *Roach* v. *Junction Oil & Gas Co.*, 72 Okl. 213 [179 Pac. 934]; 1 Thornton Oil & Gas, p. 153, sec. 91.) The evidence affirmatively shows that no gas or oil was produced in paying quantities. The appellants, therefore, became mere tenants of the land at sufferance after the termination of the lease on January 31, 1936. As such tenants at sufferance they were not entitled to notice to surrender possession of the land as a necessary prerequisite to the maintenance of this suit for possession thereof. (*Hauxhurst* v. *Lobree*, 38 Cal. 563; *Hull* v. *Laugharn*, 3 Cal. App. (2d) 310 [39 Pac. (2d) 478]; 15 Cal. Jur. 643, secs. 52, 53.) ▆ But notices to surrender possession of the land were, nevertheless, served on the appellants.

The appellants may not complain of lack of notice to surrender possession of the land to which they claimed their rights by virtue of mesne assignments under the Kinnebrew lease dated February 1, 1926. February 22, 1936, written notices to vacate the premises were served on the appellants and posted on the derrick at the site of the oil well, and at the fork of the roadway leading to the well. These notices were signed by each of the above-named owners of section 31, and by nearly all of the owners of other portions of the entire tract leased. These signatures were acknowledged by a notary public. The appellants were not interested in any other portion of the properties leased except section 31 thereof. Other written notices to surrender possession of the land, signed by W. A. Moon, J. E. Heavey, Robert Boot, W. H. Heavey and D. O. DeHaven, original lessors of portions of the 45,126-acre tract of land, as "Directors of Community Lease Association and Agents of the lessors and their successors", were subsequently served on the appellants and also posted on the derrick and at the fork of the roadway leading thereto. In paragraphs A, B, C, D and E of the original lease it is provided that the entire acreage shall be leased in one tract or pool and that the "control, management and security" of the individual interests and affairs of the oil-developing enterprise, may be determined by authorization of individual owners of two-thirds of the entire acre-

age included in the lease. It appears that the first notice to surrender possession was signed by owners of land representing more than four-fifths of all the acreage included in the original lease. There is a *prima facie* showing that the five owners of land who signed the last-mentioned notice were authorized to act in behalf of the original lessors as their agents in recovering possession of the land. Mr. Moon testified regarding the authorization of the five individuals who signed the last-mentioned notice that "Those people were elected as directors and served as a board." Moreover, a third notice to vacate the premises, signed by "W. H. Heavey, Manager, Ann Heavey Estate", was served March 8, 1936, on the appellant M. M. Marker, who was the manager of the appellants' oil well enterprise on section 31 of the property. We conclude that no notice to surrender possession of the premises was necessary under the circumstances of this case, but that adequate notice thereof was nevertheless given.

There is no merit in the appellants' contention that there is a lack of proof that they were in actual possession of the property. They admitted that fact. Their joint answer affirmatively alleges that, "These defendants were and now are in possession of said real property." In the examination of M. M. Marker, the manager of appellants' oil-prospecting enterprise, under the provisions of section 2055 of the Code of Civil Procedure, the following colloquy occurred:

"Q. Are you in possession of any lands under this lease at this time or claim to be? . . . A. Yes, we do claim to have possession. . . . Q. Do you claim that you are rightfully in possession? A. Yes sir."

It appears that the derrick and some of the equipment used in drilling the well remained on the premises. That apparatus belongs to the appellants. There is adequate proof of appellants' possession of section 31 of the property.

It is immaterial that the complaint designated "Marker Drilling Company" as one of the defendants in the action, and that default was entered against that company. Undoubtedly the plaintiffs assumed the appellants were operating their oil-drilling enterprise in that fictitious name. M. M. Marker was served with process as president of that company. The evidence, however, indicates that no such company existed. Judgment was not entered against

it. The five appellants appeared as individuals and jointly answered the complaint. They are not prejudiced by the ineffectual proceeding of including as a party defendant a fictitious company which all parties concede did not exist. That proceeding was as harmless as the usual proceeding of designating as party defendants in certain cases the proverbial John Doe and Richard Roe.

■ The findings and judgment to the effect that the owners of section 31 of the land in question are entitled to the possession thereof are sufficiently supported by the evidence. The record satisfactorily shows that the ten-year lease expired two months before the action was commenced; that operations on the only oil well which was drilled on the property were abandoned seven months before the expiration of the term of the lease, and that neither oil nor gas was produced thereon in paying quantities. These circumstances automatically terminated the lease January 31, 1936, and the owners of the land were then entitled to possession thereof.

■ It is contended there is a fatal variance between the allegations of the complaint and the evidence adduced with respect to the ownership of the property. We think not. The complaint alleges that plaintiffs are the owners and entitled to the immediate possession of certain real property situated in Tehama County, California. It is then stated: "Each particular tract owned by each of the foregoing lessors being individually described, as follows, to-wit:" Each description of separate tracts of land is immediately preceded by the names of the owners thereof. The names of individuals preceding the description of land in section 31, claimed by the appellants, are the names of the identical persons found by the court to be the owners thereof. Those findings are supported by the evidence. There is no variance in that regard. There appears to be no uncertainty as to the ownership of the land involved in this suit. If there is any such uncertainty the appellants waived that defect by failure to demur to the complaint.

■ The appellants contend that since this action was not brought by all of the original lessors of the joint lease of the entire tract of 45,126 acres of land the judgment is erroneous and ineffectual to terminate the lease against them. In support of this assertion they rely on the cases of *Jameson et al.* v. *Chanslor-Canfield Midway Oil Co.*, 176 Cal. 1 [167 Pac.

369], and *Jones* v. *Pier,* 124 Cal. App. 444 [12 Pac. (2d) 646]. We are of the opinion those cases have no application to the facts of the present suit, for the reason that they were based on actions to terminate joint interests in existing community leases for alleged breaches thereof. The Jameson case sought to quiet title to an undivided three-fourths interest in 80,000 acres of land for an alleged breach of a lease thereto occurring during the term of that instrument. The court properly held that two of the three joint owners of the property could not declare a forfeiture of the lease without uniting the third owner as a party to the action. No separate ownership of property was alleged or proved in that case. It is apparent the alleged breach of the lease in that case might have been waived by the third owner who was not a party to the action. In the Jones case, *supra,* this court held that plaintiff, as the assignee under a joint lease of one per cent interest in the oil and gas produced from certain land, was entitled to have his title thereto quieted. For the purpose of defeating his interest, a judgment which was previously rendered in another action brought by only two of the four joint lessors of the land was received in evidence. The previous judgment purported to cancel the lease for alleged breach thereof occurring during the term of that instrument. This court held that the previous judgment did not terminate the lease so as to estop Jones from asserting his interest in the oil and gas produced from the land for the reason that his assignor, who was one of the joint lessors, was not a party to the former action. In that regard we quoted with approval from the Jameson case, *supra,* as follows:

"A right given to several lessors, by a contract of lease, *to declare a forfeiture* for breaches of the character here involved must be exercised by all and cannot be exercised by less than all."

That is a sound principle of law, but it has no application to the present case.

If separate owners of different parcels of land join in one community lease of their several properties for the purpose of developing oil and gas thereon, and pool their interests in the proceeds therefrom, they must all join in an action to cancel the lease during its prescribed term, for any alleged breach thereof which renders a forfeiture of the instrument

optional. The failure of one joint lessor to become a party to such an action to forfeit the lease for breach of its terms, may furnish evidence of a waiver of that breach. The waiver of a breach by one joint lessor may be deemed to be a waiver by all. But when a lease has actually terminated by lapse of its prescribed term, and the contract has come to an end, there is no reason why a separate owner of land who was a party to the expired joint lease may not maintain an action in ejectment to recover possession of his own land without joining in that suit all of his former joint lessors. When the joint contract is ended and the joint oil-prospecting enterprise is terminated, the former joint lessors have no further interest in a suit to acquire possession of real property to which they have no title.

This case does not involve the forfeiture of a joint lease of oil lands for alleged breaches thereof during its prescribed term. It is not an action to terminate a lease. It is a mere possessory suit to restore real property to its rightful owners after the expiration of a lease which terminated by lapse of its prescribed term. We are satisfied it was not necessary for all of the original joint lessors of the entire 45,126-acre tract of land to join the plaintiffs in this suit to recover possession of section 31 of that property, in the title to which they had no interest. After the expiration of the joint lease none of the lessors of section 31, except the separate owners thereof, had any interest in that property by the terms of the lease or otherwise. All of the owners of the property involved in this appeal are parties to this action. The appellants are not prejudiced by failure to join as plaintiffs in this ejectment suit other individuals who absolutely have no interest in the land in question.

The judgment is affirmed.

Pullen, P. J., and Plummer, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 16, 1938.