[Civ. No. 2746.   Fourth Dist.—May 19, 1941.]

ELMER C. RICE et al., Respondents, v. WILLIAM Y. LEE et al., Appellants.

Jesse Bach Porter for Appellants.

Preisker, Goble, Twitchell & Stephan for Respondents.

KELLY, J., *pro tem.*—The plaintiffs below sued to quiet title to certain lands in Santa Barbara County. The defendants having answered, the cause was tried by the court without a jury. Judgment having been entered for plaintiffs and a motion for a new trial having been denied, the defendants prosecute this appeal.

On June 30, 1937, the plaintiffs below, as lessors, leased to the defendants certain lands in the lease described, to be explored and developed for the production of oil, gas and other

hydrocarbons. The term of the lease was 20 years and so long thereafter as oil or gas could be produced in paying quantities. The lessees were granted the exclusive right of prospecting the demised premises and drilling for and removing oil and gas and of establishing and maintaining the usual incidents to an oil lease such as tanks, boilers, houses, engines, power lines, roads, etc., and of drilling for and developing water. The lessors were to receive the usual royalties out of the products of operation. The lease then recites in paragraph 3 thereof:

"The lessee agrees to start the drilling of a well for oil on demised premises within sixty (60) days from the date of this agreement, and to continue the work of drilling such well after commencing the same, with due diligence and dispatch until a depth of 3500 feet has been reached, unless oil is discovered in paying quantities at a lesser depth or unless such formations are encountered at a lesser depth as will indicate to the geologist of the lessee that further drilling will be unsuccessful. If by reason of encountering mechanical difficulties in the prosecution of the work, or other causes, the lessee shall determine to abandon the same, this lease shall continue in full force provided a new well is commenced within ninety (90) days and thereafter drilled diligently as hereinabove provided."

On August 27, 1937, the lessees having done nothing in discharge of their obligations, an extension agreement in writing was executed by the parties by which the lessees were given an additional period of sixty days to start drilling. This agreement further designated the particular location on the demised premises whereat the first well was to be drilled. The lessees having done nothing, the lessors, on November 6, 1937, signed and served upon them a notice to commence work within ten days or abandon their rights under the said lease. The lessees continued inactive and the lessors filed their complaint on January 10, 1938.

At the trial William Y. Lee, one of the lessees, testified that he had not obtained a permit to drill, had not made arrangements for obtaining water to drill, had not executed a contract to have a well drilled, and had placed no material, tools or equipment for exploration or drilling upon the premises. Testimony was received to the effect that Lee said he did not have to drill a well and that he did not intend to.

The lease is silent as to any express condition subsequent, right of reentry, forfeiture, or penalty for failure to commence work as indicated.

Findings were filed wherein it is recited:

"That it is true that said lessee has failed to commence the drilling of said well or any well within said period of 120 days from the date of said lease, or at all. That it is true that said lessee did not intend to drill said property within the time provided for in said lease and extension agreement, or at all. That it is true that defendant intended to hold said property for speculative purposes and had no intention of drilling the said property or any part thereof. That it is true that defendant abandoned said premises and abandoned said oil and gas lease. . . .

"That none of the denials of defendants' answer on file herein are true or correct."

We believe that the main issue in this case has been fully determined by the case of *Hall* v. *Augur,* 82 Cal. App. 594 [256 Pac. 232]. In that well considered and leading decision, it is held that abandonment will be more readily found in the case of oil and gas leases than in most any other cases, even in the event of failure of the lease to express a condition subsequent, a right of reentry and forfeiture, or a penalty for failure to commence exploration or operation within the time specified; that rights granted under such leases are for exploration and development, and courts will not permit the lessee to fail in development and hold the lease for speculative or other purposes except in strict compliance with his contract for a valuable and sufficient consideration other than such development; that the rule that forfeitures are not favored in law does not apply to oil and gas leases; that forfeitures are usually against conscience and without equity, and it is for these reasons that courts of chancery ordinarily refuse relief in such cases, but an exception to the rule must exist where it is against equity to permit the defendant to longer assert his title; and that where there is a substantial breach of the implied condition the lessor may reenter and claim a forfeiture of the lease. (See, also, *Carlisle* v. *Lady,* 109 Cal. App. 567 [293 Pac. 686]; *Caswell* v. *Gardner,* 12 Cal. App. (2d) 597, 601 [55 Pac. (2d) 1222]; *Garrison* v. *Hogan,* 112 Cal. App. 525, 530 [297 Pac. 87].)

We hold, therefore, that the evidence and reasonable inferences to be drawn therefrom are ample to support the conclusion of the trial court that the lessees did not intend to explore, drill and develop the demised premises, and that such failure constituted an abandonment.

A purported copy of the lease was attached to the complaint and marked Exhibit A. At the trial the lease was introduced and marked Plaintiffs' Exhibit I. In the purported copy attached to the complaint, a certain phrase was omitted which, however, appears in Plaintiffs' Exhibit I. Appellant contends that the variance is fatal. The matter omitted is of no materiality in this discussion. The lease admitted in evidence was properly identified and there can be no doubt that it is the lease sued upon. ''No variance between the allegation in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits . . . '' (Code Civ. Proc., sec. 469.)

Appellant contends that the evidence does not support the finding of the trial court that the lessee intended to hold the lease for speculative purposes only. The trier of facts accepted the testimony as true to the effect that the defendants did not intend to drill. Such being true, the inference is reasonable as found by the trial court.

At the time of the release of the lease from escrow $8,000 was paid by the lessees to the lessors. The trial court found that this sum was not paid as a consideration for the full term of twenty years but that on the contrary the sum indicated was paid as a bonus for the execution of the lease. We deem this finding sound. The lease sets forth expressly the reciprocal obligations of the parties. It is a bilateral contract. The lease does not provide for nor refer to a payment of $8,000. The payment was evidently collateral to the lease contract and cannot in anywise be regarded as embraced within the express covenants of the written instrument.

The lease provides that upon the abandonment of any well and the failure to commence another well within ninety days thereafter the lease shall cease and determine. Appellants argue that because of this express forfeiture clause no theory of abandonment for failure to commence work can be entertained. This contention is without support in reason or in precedent. It is to be noted that the trial court did not

rest its judgment upon a theory of forfeiture for failure to drill successive wells as provided in the lease, but upon a theory of abandonment for failure to do any work whatever or make any preparation tending to comply with the obligation on the part of the lessees to begin work within 120 days from the date of the lease.

Appellants contend that because the lease provided for a term of twenty years plus so long thereafter as oil or hydrocarbons might be produced, the lessees procured an immediate vested interest in the land, which interest was real estate, and hence the lessors could not quiet their title against such vested interest. Assuming that the lease created a vested interest, such fact does not exclude the possibility of a judgment quieting the lessors' title for failure on the part of the lessees to comply with the express obligations which the lease instrument imposed upon them. It must be assumed that the lease was executed and that it was subject to interpretation according to the law existing at the time of its execution. The term of the lease, therefore, was subject to determination by abandonment as held in *Hall* v. *Augur, supra,* regardless of by what term we may designate the interest held by the lessees. (*Moon* v. *Marker,* 26 Cal. App. (2d) 33 [78 Pac. (2d) 460]; *Dabney* v. *Edwards,* 5 Cal. (2d) 1, 11 [53 Pac. (2d) 962, 103 A. L. R. 822].)

The appellants contend that they should have judgment on their cross-complaint for $8,000, the amount of the bonus paid for the execution of the lease. There is no merit in this contention. Neither the pleadings nor the proof support the theory that the lease did not truly express the agreement of the parties. The defendants, as cross-complainants or otherwise, have not attempted to reform the lease nor to rescind for any reason. It cannot be said that because a bonus was paid to the lessors for the execution of the lease that therefore the lessees were released from the performance of any obligations assumed by them by the terms of the written instrument nor relieved of the penalty of the law imposed for failure to perform. The misfortune suffered by the lessees was a direct and proximate consequence of their own wilful failure to perform their obligations. It would be most unreasonable to hold that while the lessees might lose their bonus money if they faithfully performed their obligations of exploration and development and failed to discover oil or gas,

yet by utter failure to take any steps towards the performance of these obligations, they could recover back the $8,000 paid.

No appeal lies from an order denying a motion for new trial. (Code Civ. Proc., sec. 963.)

The judgment is affirmed. The attempted appeal from the order denying the motion for new trial is dismissed.

Marks, Acting P. J., and Griffin, J., concurred.