[Civ. No. 8645.   Third Dist.   Sept. 16, 1954.]

THE PEOPLE, Respondent, v. EUGENE A. TALIAFERRO et al., Appellants.

Eugene A. Taliaferro, in pro. per., for Appellants.

Edmund G. Brown, Attorney General, James E. Sabine and Irving H. Perluss, Assistant Attorneys General, Ernest P. Goodman, Edward P. Hollingshead and Lucian B. Vandegrift, Deputy Attorneys General, for Respondent.

PEEK, J.—This is a motion by plaintiff to dismiss defendants' appeal from an order denying their demurrer and their motions for a change of venue and to dismiss.

The record shows that following submission of the demurrer and motions, the trial court, by a minute order entered February 9, 1954, overruled said demurrer and denied said motions.   Thereafter a formal order denying the motion for change of venue was prepared and filed by the trial court on February 16, 1954.   On April 16, 1954, defendants filed their notice of appeal.   Subsequently plaintiff filed its motion to dismiss upon the ground that said notice of appeal was not filed within 60 days after the entry of the minute order of February 9, 1954, as required by rule 2(b) of the Rules on Appeal.

Defendants, in opposition to plaintiff's motion, contend

that the running of the 60-day period within which an appeal could be taken did not commence until February 16, 1954, when the written order denying their motion for a change of venue was filed, and hence their appeal was timely. This position cannot be sustained. The minute order entered on February 9 did not direct the filing of a written order, and therefore the exception contained in said rule 2(b) does not apply. That rule provides in part that:

"(2) The date of entry of an appealable order which is entered in the minutes shall be the date of its entry in the permanent minutes, unless such minute order as entered expressly directs that a written order be prepared, signed and filed, in which case the date of entry shall be the date of filing of the signed order."

It necessarily follows that since the appeal was not taken within 60 days from the date of entry of the minute order of February 9, and since that order did not direct the preparation and filing of a formal written order, this court has no jurisdiction to consider the case on the merits. (*Pessarra v. Pessarra,* 80 Cal.App.2d 965 [183 P.2d 279].)

The motion is granted and the appeal is dismissed.

Van Dyke, P. J., and Schottky, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied November 10, 1954. Carter, J., was of the opinion that the petition should be granted.