[Civ. No. 9015.   Third Dist.   Apr. 5, 1957.]

THE PEOPLE, Respondent, v. EUGENE A. TALIAFERRO, Appellant.

Eugene A. Taliaferro, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, James E. Sabine, Assistant Attorney General, and Lucian B. Vandegrift, Deputy Attorney General, for Respondent.

PEEK, J.—Defendant appeals from a default judgment arising out of an action instituted by the state pursuant to the provisions of section 3651 et seq., of the Revenue and Taxation Code, relating to the rents which the state alleges were received by defendant from certain parcels of real property in Contra Costa County during the period between the date of recording of the deeds to the state and the time of redemption of the property.

The complaint alleges that on June 30, 1949, certain parcels of real property were conveyed to the state for nonpayment

of taxes; that the deeds were thereafter recorded; that the state was the owner of and entitled to the rents, issues and profits from said parcels between the date of recordation and the date of redemption; that the defendant took the rents, issues and profits from said parcels during such periods and at all times retained the same, the exact amount and value of which were unknown to the state; and that plaintiff demanded of defendant an accounting, but defendant refused and paid plaintiff no part thereof. The prayer was for an accounting of said rents so received by defendant and for the sum then found to be due.

The defendant's motion for a change of venue and his motion to dismiss the complaint were denied. His demurrer was overruled and he was given 15 days in which to answer. His purported appeal from said orders was dismissed as not having been filed within the period prescribed by rule 2(b) of Rules on Appeal. (*People* v. *Taliaferro*, 127 Cal. App.2d 462 [273 P.2d 920].) On the day following the filing of our order of dismissal, defendant's default was entered by the clerk of the Superior Court of Sacramento County. Shortly thereafter that court, after hearing and considering the evidence introduced, entered its judgment in favor of the state, and this appeal by defendant followed.

Although much of what is now argued by defendant was previously decided against him (127 Cal.App.2d 462), and although much of what is set forth in his briefs is completely outside of the record, this being an appeal on the judgment roll from a default judgment, nevertheless we have attempted to note and discuss the numerous contentions he has made as though they were properly before us.

Defendant's first contention appears to be four-fold: (1) That the complaint does not state facts sufficient to constitute a cause of action and is ambiguous, uncertain and unintelligible; (2) that several causes of action are not separately stated; (3) that the cause of action is barred by the provisions of sections 339 and 340 of the Code of Civil Procedure; and (4) that the court lacks jurisdiction of the subject matter of the complaint.

The first portion of defendant's contention is wholly without merit. The allegations of the state's complaint follow the applicable code provisions and are substantially the same as those which the court held to be sufficient in *People* v. *Maxfield*, 30 Cal.2d 485 [183 P.2d 897].

The second item of defendant's first contention is likewise without merit. "A special demurrer for uncertainty

is not intended to reach the failure to incorporate sufficient facts in the pleading, but is directed at the uncertainty existing in the allegations actually made.'' (*People* v. *Lim,* 18 Cal.2d 872, 883 [118 P.2d 472].) Here the allegations are amply sufficient to apprise the defendant of the issues which he was to meet. Under such circumstances we cannot say that the complaint is either ambiguous, uncertain or unintelligible. ■ Nor can it be said that there was a misjoinder of the causes of action. (Code Civ. Proc., § 427.) Defendant's contention in this regard is merely a lengthy argument based upon suppositive circumstances.

■ The action is not, as defendant next contends, one which comes within the limitations expressed in sections 339 and 340 of the Code of Civil Procedure. It is an action for an accounting and hence comes within the four-year limitation contained in section 343 of that code. (*Austin* v. *Harry E. Jones, Inc.,* 30 Cal.App.2d 364, 368 [86 P.2d 379].)

■ Defendant next has challenged the jurisdiction of the superior court to entertain this proceeding by reason of article VI, section 5, of the California Constitution. However no jurisdictional question as contemplated by that constitutional provision is here presented. Even if we were to assume the validity of defendant's contention as to the question of venue, it would be meaningless since the prior judgment holding that the county of Sacramento was a proper county for the hearing of the action has long since become final. (*People* v. *Taliaferro, supra.*)

■ Defendant's next contention, that the default judgment was secured as a result of plaintiff's extrinsic fraud, is equally without foundation. In support he points to the fact that on March 3, 1954, and again on March 8, 1954, a deputy attorney general sent him a notice of the order of the court entered on February 16, 1954, denying his motions and overruling his demurrer. The notices were the same, except that the one of March 8 included the allowance to defendant of 15 days for his answer. It is his contention that in reliance upon the notice that his motion for a change of venue was denied on February 16, he did not file his notice of appeal until April 16. The record fails to support defendant in this regard. It shows that he did not rely upon such representation to such an extent that he was induced not to appear, and therefore did not have a full opportunity to litigate his defenses. It was not until September 16, 1954, when this court granted plaintiff's motion to dismiss defendant's appeal

from the order denying his motion for a change of venue, that his default was entered; and, secondly, the default judgment was not entered against him until September 27, 1955. ██ Furthermore, if the circumstances were as related by him, and if he had been prevented from presenting his case by reason of the extrinsic fraud of plaintiff, he still could have maintained an independent action in equity to secure relief (*Olivera* v. *Grace,* 19 Cal.2d 570, 576 [122 P.2d 564, 140 A.L.R. 1328]); however he did not choose to do so.

His final contention is that there is nothing in the record to support the default judgment in the sum of $2,134.88, or in any sum, and that the relief granted to plaintiff was outside the scope of the prayer of the complaint. ██ It is too well established to warrant citation of authority that "upon an appeal by the defaulting party from a default judgment the question of the sufficiency of the evidence to support the implied findings may not be raised. The court may consider only the judgment roll and the question of jurisdiction." (*Price* v. *Price,* 140 Cal.App.2d 816, 817 [295 P.2d 489].) ██ It is the further rule that since the case is before us wholly upon the judgment roll, it must be assumed that the trial court's findings are supported by sufficient evidence. (*Willys of Marin Company* v. *Pierce,* 140 Cal.App.2d 826 [296 P.2d 25].)

Defendant has cited no cases in support of his final contention; that his rights under the due process and equal protection clause of the Fourteenth Amendment to the United States Constitution were violated, his comment being that his argument in this regard ". . . would constitute more or less a summary of the material which has been set forth in the three preceding titles." Assuming such statement to include the contentions made by defendant and the arguments advanced in support thereof, then it would appear equally unnecessary for us to reiterate what has heretofore been said in regard thereto. Nevertheless we note that from our examination of the record, we find no support for this final contention by the defendant.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied April 30, 1957, and appellant's petition for a hearing by the Supreme Court was denied May 29, 1957. Schauer, J., was of the opinion that the petition should be granted.