[Civ. No. 22408.   Second Dist., Div. Two.   Dec. 3, 1957.]

EDMUND P. BATES et al., Appellants, v. INDUSTRIAL PROPERTY HOLDING COMPANY (a Partnership), Respondent.

Irvin G. Freeman and Norman Soibelman for Appellants.

Macfarlane, Schaefer & Haun and E. J. Caldecott for Respondent.

RICHARDS, J. pro tem.*—This is an appeal from a judgment in an action in declaratory relief brought by the plain-

*Assigned by Chairman of Judicial Council.

tiffs, appellants herein, to determine their rights under an amended written lease.

On January 11, 1950, respondent Industrial Property Holding Company, as lessor, and Jack J. Lane, appellants' predecessor in interest, entered into a written lease of certain real property in the county of Los Angeles. On April 5, 1950, the lease was amended in certain particulars and thereafter the lessee's interest therein, as amended, was assigned to the appellants with the consent of the respondent. The term of the lease was from August 5, 1950, to August 14, 1960, "unless sooner terminated as hereinafter provided" at a rental of $300 a month for the first five years and $350 a month for the remainder of the term plus certain percentages of lessees' gross receipts from the operations of a sports center, including a golf driving range, miniature golf course and other recreational facilities. The lease contained provisions usual to the lease of land for business purposes, and, in addition thereto, two clauses which give rise to the controversy between the parties. These clauses are paragraph 24, which provides for the cancellation of the lease and paragraph 25, which grants to the lessees an option to extend the term of the lease for a period of 20 years as to a portion of the property.

Paragraph 24, as amended, reads: "Lessor shall have the right, and lessee hereby grants such right to lessor, to cancel and terminate this lease at any time after August 15th, 1956, upon sixty (60) days notice in writing to the lessee and the payment by lessor to lessee of the sum of Twenty Thousand Dollars ($20,000). Upon the expiration of such sixty (60) days both parties shall be relieved of any and all liability under the terms of this lease. In the event such notice is given, all above ground improvements placed upon said premises by lessee shall remain and be the property of lessee and shall be removed by lessee within sixty days after service of such notice, such removal to be made subject to and in accordance with the provisions of paragraph 7. hereof."

Paragraph 25, as amended, reads in pertinent part: "Lessor hereby gives and grants unto lessee the option of extending the term of this lease, as to a portion only of the demised premises, being the Northwest corner thereof, rectangular in shape, having a frontage of 230 feet on Manchester Avenue and a depth of 300 feet measured southerly from Manchester Avenue along Bellanca Avenue,[1] for an additional term of

[1] The portion of the demised premises so described is referred to in the briefs and in this opinion as the "rectangular parcel."

twenty (20) years from the expiration date of this lease, at a minimum guaranteed monthly rental for said portion of said demised premises of Two Hundred Seventy-five Dollars ($275.00), the percentage rentals to be the same as in Paragraphs 4. and 5. hereof provided. In addition to said guaranteed minimum monthly rental and said percentage rentals, lessee shall pay to lessor annually, on or before December 1st of each year of said additional term, an amount equal to the sum by which the land taxes payable in each such year exceed the amount of such land taxes for the year 1952-1953. . . .

"Excepting as changed in and by this paragraph 25. and with the exception that Paragraph 24. hereof shall be excluded therefrom, the lease for such additional term shall be upon the same terms and conditions as herein set out insofar as the same may be applicable.

"Lessee shall give written notice to lessor of lessee's election to exercise this option not less than ninety (90) days prior to the expiration of the term of this lease."

On October 16, 1955, respondent, as lessor, mailed to the appellants a written "Notice of Termination of Lease" as to the entire demised premises. The notice, after referring to the lease and the provisions therein for cancellation, states: "You are hereby advised and notified that the Lessor does hereby elect to exercise the right of cancellation of the said lease, as amended, and does hereby cancel and terminate the same, and you shall consider this as sixty (60) days notice in writing of the exercise of such right by the Lessor. The Lessor hereby offers and tenders to you payment of the sum of Twenty Thousand Dollars ($20,000.00) coincident with your vacating the said real property and surrendering up the possession thereof to the lessor."

On October 26, 1955, the appellants, as lessees, served upon the respondent a "Notice of Election to Extend Term of Lease," reciting that, pursuant to paragraph 25 of the lease, the lessees exercised the option to extend the term of the lease for 20 years upon the expiration date of the lease as to the rectangular parcel, and at the rental specified in said paragraph 25.

A dispute having arisen between the parties as to the lessor's right to cancel the lease as to any or all of the demised premises, the parties entered into a written agreement on or about November 22, 1955, whereby in considera-

tion of certain sums of money paid to the lessees, they agreed to and did, on or about December 15, 1955, vacate and surrender possession to the lessor of all of the demised premises except the rectangular portion, possession of which was retained by the lessees at an agreed rental. It was expressly provided in the foregoing agreement that it was without prejudice to the rights of either the lessor or the lessees as to the rectangular parcel under the terms of the original lease, as amended.

Thereafter appellants filed their complaint for declaratory relief setting forth the facts substantially as above-outlined. The respondent's answer admitted the facts so alleged and further admitted that there was a controversy as to the appellants' claim that by the service of the notice of election to extend the term of the lease, the appellants acquired an additional lease on the rectangular parcel for 20 years beginning August 15, 1960. At the trial of the action the court determined that no extrinsic evidence was required and that the interpretation of the lease as amended could be ascertained from the instrument itself. No contention is made by either party that the court erred in not receiving evidence in aid of the interpretation of the lease. The court found that paragraph 24 of the lease, providing for the cancellation and termination thereof, was not made ineffective by the service upon the respondent of the election to extend the term of the lease. Thereupon the court made its conclusion of law that respondent was entitled to exercise its option to cancel and terminate the lease as to the entire premises in the manner and upon the terms provided for in paragraph 24. Judgment was entered accordingly.

The sole evidence being the written lease without any qualifying testimony, the construction thereof is a question of law which this court must determine in accordance with the applicable principles governing the interpretation of contracts. (*Meyer* v. *State Board of Equalization,* 42 Cal.2d 376, 381 [267 P.2d 257]; *Moore* v. *Wood,* 26 Cal.2d 621, 629-630 [160 P.2d 772]; *Estate of Platt,* 21 Cal.2d 343, 352 [131 P.2d 825].) A lease is a contract, subject to the same rules of construction as other agreements even though it is in a sense a deed of conveyance. (*Earl Ranch, Ltd.* v. *Marchus,* 60 Cal.App.2d 379, 384 [140 P.2d 891].) The rules for interpretation of contracts are found in Civil Code, sections 1636-1662, and the rules most pertinent to an interpreta-

tion of the lease before us are sections 1638,[2] 1641,[3] 1643[4] and 1650,[5] set forth in the margin.

█ The principal question for determination is whether, under the terms of the lease, the option clause to extend the lease as to the rectangular parcel, a portion of the premises, takes precedence over the cancellation clause so as to preclude lessor's cancellation of the lease as to the rectangular parcel in the event the lessees exercise the extension option prior to the lessor's exercise of the right of cancellation.

An examination of the lease discloses that there is but one lease and but one parcel of land described as the demised premises. The rental reserved for the entire premises is $300 a month for the first five years and $350 a month for the remainder of the term. The term of the lease is for 10 years, "unless sooner terminated as hereinafter provided." Three grounds are provided in the lease for the termination thereof before the end of the original term: (1) default of lessees in performance of the terms of the lease, (2) insolvency of the lessees, and (3) cancellation of the lease by lessor pursuant to the provisions of paragraph 24 which, as above set forth, reserves to the lessor the right to cancel and terminate the lease at any time after August 15, 1956, upon 60 days written notice to the lessees and the payment by the lessor to the lessees of $20,000, and provides that upon the expiration of the 60 days both parties are relieved of any and all liability under the lease. It is clear that the foregoing provision reserving to the lessor the right to terminate "this lease" was intended to apply to the entire demised premises and to one inseverable lease thereof.

The question presented is whether the right of cancellation reserved by the lessor is in any way qualified or restricted by paragraph 25 which grants to the lessees an option to extend the term of the lease at a reduced rental as to the rectangular parcel of the demised premises for "an additional term of twenty (20) years from the expiration date of this

---

[2]Civ. Code, § 1638. "The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity."

[3]Civ. Code, § 1641. "The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other."

[4]Civ. Code, § 1643. "A contract must receive such an interpretation as will make it lawful, operative, definite, reasonable, and capable of being carried into effect, if it can be done without violating the intention of the parties."

[5]Civ. Code, § 1650. "Particular clauses of a contract are subordinate to its general intent."

lease." Had paragraph 25 been limited to the grant of an option to extend the lease as to the rectangular parcel without reference to the cancellation provisions of paragraph 24, we are convinced that the lessor's right of cancellation would subsist for the entire original term of the lease notwithstanding lessees' exercise of the extension option prior to lessor's exercise of the right of cancellation. And we do not understand that appellants contend otherwise.

However, the extension option clause goes on to provide: "Excepting as changed in and by this paragraph 25. and with the exception that Paragraph 24. hereof shall be excluded therefrom, the lease for such additional term shall be upon the same terms and conditions as herein set out insofar as the same may be applicable." The appellants contend that, by reason of the foregoing provision, upon their exercise of the option to extend the term as to the rectangular parcel a new lease is created as to such portion of the premises. They further contend by reason of the foregoing provision, that upon their exercise of the extension option, the lessor's right of termination is cancelled and nullified as to the rectangular parcel.

We cannot agree with the construction which the appellants seek to place upon the provisions of the extension-option clause. *Wiener* v. *H. Graff & Co.*, 7 Cal.App. 580 [95 P. 167], and *Howell* v. *City of Hamburg Co.*, 165 Cal. 172 [131 P. 130], relied upon by the appellants instead of supporting their contention, hold that the exercise of an option to extend the term of a lease does not create a new lease, but that the original lease becomes "a lease for both the original and extended terms" (*Wiener* v. *H. Graff & Co., supra*, p. 583). Furthermore, the provision that "Paragraph 24. hereof shall be excluded therefrom," must be construed as applying to the phrase, "the lease for such additional term," which immediately follows. The additional term provided for in paragraph 25 is for "twenty (20) years from the expiration date of this lease" which is August 14, 1960. The express exclusion of the lessor's right of cancellation from the lease "for such additional term," discloses a clear intention of the parties that such right of cancellation is applicable to the entire original term ending August 4, 1960. We conclude that the reasonable interpretation of paragraph 25 (the extension option) is that, in the event the lease as to the entire premises is not cancelled by the lessor pursuant to the provisions of paragraph 24 during the original term of the

lease, the lessees have the option to extend the lease as to the rectangular parcel and that during the extended term the cancellation clause shall be no longer applicable. We further conclude that as reasonably interpreted, without doing violence to the intention of the parties, the rights of the lessor to terminate the lease as to the entire premises subsist notwithstanding the lessees' notice of exercise of the option to extend the term as to the rectangular portion prior to the expiration of the original term of the lease.

Our conclusions are fortified by certain absurdities which would result from appellants' contention that a new lease as to the rectangular parcel only was created by and at the time of their exercise of the extension option. If the lessor exercises its right to cancel the lease after August 15, 1956, and before the lessees have exercised the option to extend the lease, the termination of the lease is effective as to the entire demised premises and appellants apparently so concede. For this privilege the lessor must pay $20,000 to the lessees. If on the other hand, the lessees exercise the extension option before lessor can or does elect to cancel the lease it is then the appellants' contention that the lessor's right of cancellation is limited to the portion of the property not included within the extension option. The lease makes no provision for any division of the $20,000 payment to be made by the lessor in the event of cancellation and the lessor would, under the contention urged by appellants, be compelled to pay the full amount of $20,000 for only a portion of the property. Another absurdity which would result from appellants' interpretation of the lease is that if the lessor is limited to a cancellation of the lease as to the portion of the premises, other than the rectangular parcel in the event the lessees have previously exercised the extension option, the lessees would still be obligated to pay the full amount of $350 a month from the date of exercise of the extension option and until August 16, 1960, for the rectangular parcel only which is the same rental they are required to pay for the entire property. Moreover, paragraph 25 provides that in addition to the guaranteed minimum monthly rental and percentage rentals, the lessees shall pay during the extended term the land taxes in excess of such taxes for the year 1952-1953 "on or before December 1st of each year of said additional term." The additional term is for twenty years "from the expiration date of this lease" (paragraph 25) and paragraph 2, as amended, provides that the term of "this lease" ends August

14, 1960. Manifestly it was not the intention of the parties that the lessees should pay any of the land taxes prior to the commencement of the additional term of twenty years.

Appellants make the broad assertion that leases of real property are to be construed against the landlord and that all uncertainties therein are to be resolved in favor of the tenant. It is clear that there is no such general rule. (*Earl Ranch, Ltd.* v. *Marchus, supra,* 60 Cal.App.2d 379, 384.) Nor do the authorities cited by the appellants support this contention. *Glenn* v. *Bacon,* 86 Cal.App. 58 [260 P. 559], involved the interpretation of a lease for one year "with option of four more years" followed by a provision that the lease should continue "at the option of the parties" for five years. The trial court determined upon extrinsic evidence that through an error of the lessor the phrase "at the option of the parties" was used instead of "at the option" of the lessee. Upon appeal it was held that if there was any uncertainty as to the meaning of the two phrases, it must be resolved in favor of the lessee, the lessor being the scrivener of the lease. In *Erickson* v. *Boothe,* 79 Cal.App.2d 266 [179 P.2d 611], the lease provided an "option to release" the premises for an additional term. The uncertainty was whether the word "release" meant renewal or extension and the court held that the tenant should be favored in resolving that ambiguity. *Eastern-Columbia, Inc.* v. *System Auto Parks, Inc.,* 100 Cal.App.2d 541 [224 P.2d 37], involved two leases and the holding of the court was that there were conditions precedent to the lessor's right to cancel one lease which did not occur and therefore the lessor's right of cancellation never arose.

Appellants' final contention is that the lessor's notice of cancellation dated October 6, 1955, was premature. The effect of this notice of cancellation to terminate the lease as to the rectangular parcel is not in issue and is unnecessary to determine in light of the judgment entered herein which decrees that the lessor may during the term of the lease, at any time after August 15, 1956, cancel and terminate the lease upon giving to lessees, 60 days notice in writing of its election to so terminate the lease.

We are of the opinion that the case was decided correctly by the trial court and that there is no reason for disturbing the judgment. The judgment is affirmed.

Fox, Acting P. J., and Ashburn, J., concurred.