[Civ. No. 6603. Fourth Dist. Nov. 27, 1961.]

JAMES A. WALLACE, Plaintiff and Appellant, v. NORMAN M. IMBERTSON et al., Defendants and Respondents.

Tanner, Odell & Taft and Everett Shilling for Plaintiff and Appellant.

Norman M. Imbertson and Loring E. Tabor, in pro per., for Defendants and Respondents.

SHEPARD, J.—This is an appeal by plaintiff from a judgment of nonsuit in an action for specific performance of a lease-option agreement.

FACTS

There is no conflict in the facts shown by the record before us. The pertinent facts are substantially as follows: Defendants own a moiety in the 280 acres of land in dispute. On April 28, 1955, the parties hereto signed a lease-option agreement wherein defendants herein were lessors and plaintiff was lessee.

By said lease, lessors granted to lessee for a period of two years all hydrocarbon, oil and gas found on the property and lessee agreed to pay $10 per year plus a one-eighth royalty of the gross value of such materials taken from the premises. It was provided that the lease might continue from year to year subject to cancellation by lessors, except that if the gross royalty exceeded $1,000 per year the right to cancel was waived for the succeeding year.

In addition the lease granted for a period of two years such surface rights as might be necessary to remove such materials. For this right lessee agreed to pay $10 per year plus a 5 per

cent royalty of the gross value of such materials taken. Again the provision for continuance of lease from year to year with waiver of cancellation if gross royalty exceeded $1,000 per year is repeated.

Still further, the lease provided that "during the period of the lease" lessee should have the right to purchase the property (except 40 acres) for the price of $50 per acre and that if none of such minerals were produced the mineral rights would remain the property of lessors on exercise of the option. Lessors would select the retained 40 acres at time of lessee's election to exercise the option.

The record does not show that after the signing of the lease there was any other contract or communication between the parties until March 26, 1957. The plaintiff did not pay or offer to pay the cash rental until that date. The plaintiff did no development work of any kind on the property. The record does not show that he or any one representing him was ever on the property at any time. On March 26, 1957, plaintiff offered to pay the rental and gave notice of intention to exercise the option. Defendants, deeming that plaintiff's actions amounted to an abandonment of the lease, rejected the offers. Further correspondence ensued without changing the position of either party and plaintiff brought this action to compel specific performance or for damages. At the trial, in addition to the foregoing, evidence was adduced to show the value of the land at the time of the execution of the lease to be $40 per acre and at time of trial $200 per acre. Motion by defendants for nonsuit was granted, judgment entered and plaintiff appeals therefrom.

## NONSUIT

It is, of course, true that

"A motion for nonsuit may properly be granted '. . . when, and only when, disregarding conflicting evidence, and giving to plaintiff's evidence all the value to which it is legally entitled, indulging in every legitimate inference which may be drawn from that evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of the plaintiff.' " (*Palmquist* v. *Mercer*, 43 Cal.2d 92, 95 [1] [272 P.2d 26].)

However, where there is no conflict in the evidence, the question of whether or not there was an abandonment becomes one of law. (*Herbert* v. *Graham*, 72 Cal.App. 314, 316 [1] [237 P. 58].) Since there was no evidence re-

lating to the meaning of the lease except the lease itself, its interpretation was a question of law. (*Bates* v. *Industrial Property Holding Co.,* 155 Cal.App.2d 697, 700 [1] [318 P.2d 741].) We must, therefore, determine, in the light of these rules, whether or not the evidence could have supported a judgment for plaintiff. (*Ziegler* v. *Santa Cruz City High Sch. Dist.,* 168 Cal.App.2d 277, 281 [1] [335 P.2d 709].)

### ABANDONMENT

 Appellant contends that the evidence does not show abandonment. The undisputed evidence shows that for almost two years he made no move of any kind to do any developing of any kind whatever and that he did not even offer to pay one cent of the rent. He never took possession of the property or any part thereof. He produced no evidence showing any kind of legal or equitable excuse for nonperformance. Although the lease contained no express provision as to time to commence exploration or drilling,

". . . it is well settled that covenants will be implied to use reasonable diligence in the exploration and discovery of oil, and thereafter in the development of the oil lease, and protection from drainage through wells on adjoining lands." (*Hartman Ranch Co.* v. *Associated Oil Co.,* 10 Cal.2d 232, 239 [1] [73 P.2d 1163].) (See also *Hall* v. *Augur,* 82 Cal. App. 594 [256 P. 232]; *Gold Min. & Water Co.* v. *Swinerton,* 23 Cal.2d 19, 32 [12] [142 P.2d 22]; *Baldwin* v. *Kubetz,* 148 Cal.App.2d 937, 943 [2], 944 [6a] [307 P.2d 1005]; 2 Witkin, Summary of California Law (7th ed.), Real Property, § 297, p. 1121.)

[██ Abandonment will more readily be applied in oil and gas leases since the title is inchoate and the grant has the primary purpose of exploration and development. Allowing the lease to be held on mere nominal rent, as in the case here at bar, for mere speculative purposes, is not favored. The primary purpose of exploration and production cannot be ignored. (*Hall* v. *Augur, supra,* p. 599 [2-3]; *Banks* v. *Calstar Petroleum Co.,* 82 Cal.App.2d 789, 792 [3] [187 P.2d 127]; *Rice* v. *Lee,* 44 Cal.App.2d 909, 912 [1] [113 P.2d 235].) Even though there is no forfeiture clause, the lessor may treat the lease as abandoned and successfully assert title. (*Rice* v. *Lee, supra,* p. 912.) The lease contained no provision for notice to the lessee that he had abandoned the lease. By his own acts he demonstrated abandonment. No notice of termination was necessary. (36 Cal.Jur.2d 714,

730; *Romero* v. *Brewer*, 58 Cal.App.2d 759, 763 [3] [137 P.2d 872]; *Rehart* v. *Klossner*, 48 Cal.App.2d 40, 42 [3-5] [119 P.2d 145].)

In the case here at bar, the general considerations supporting the lease were the only ones supporting the option. No separate or valuable consideration for the option independently of the lease was given. The existence of the option therefore depended on existence of the lease. If the lease fell, the option fell with it. (*Spaulding* v. *Yovino-Young*, 30 Cal. 2d 138, 141 [1-3] [180 P.2d 691]; *Gold Min. & Water Co.* v. *Swinerton*, supra, p. 30 [10]; *Gatly* v. *Shockley*, 215 Cal. 604, 611 [5] [12 P.2d 436]; *Gordon* v. *Dufresne*, 205 Cal. 512, 514 [1] [271 P. 1066]; *Union Oil Co. of California* v. *Hale*, 163 Wash. 503 [2 P.2d 87, 89 [4-5]]; *Mooney* v. *Weaver*, 262 Ala. 392 [79 So.2d 3, 6 [4-6]].)

### PERFORMANCE AS CONDITION

Mining leases usually rest, as is true in the case at bar, on the primary condition of reasonable diligence by the lessee in exploration and development. Where, as here, there is a complete lack of any effort whatever to fulfill this primary condition, the lessee may not have specific performance of an option that is an integral part of the lease. (*Gold Min. & Water Co.* v. *Swinerton*, supra; *Briles* v. *Paulson*, 170 Cal. 196, 198 [1] [149 P. 169]; *Caswell* v. *Gardner*, 12 Cal.App.2d 597, 601 [55 P.2d 1222]; *Hall* v. *Augur*, supra, p. 598; *Rice* v. *Lee*, supra, p. 912 [1]; 51 C.J.S. 642 [83].)

Plaintiff cites such cases as *Utt* v. *Frey*, 106 Cal. 392 [39 P. 807], and *Swigert* v. *Stafford*, 85 Cal.App.2d 469 [193 P.2d 106] in support of his assertion that abandonment cannot be inferred unless nonuse is coupled with intent to abandon. The *Utt* case related to abandonment by an owner of a vested water right. In the *Swigert* lease it was expressly stipulated that no implied covenants would be read into the lease and that failure to operate would not terminate. None of the authorities cited by plaintiff bear any factual resemblance to the facts in the case at bar, nor do they state any rules of law contrary to those herein expressed. No question of reentry is involved for plaintiff was never in possession.

### DRILLING ON OTHER LANDS

Nothing in the lease relates to drilling on other lands. Plaintiff's testimony that he drilled on other lands three miles away would have no effect and is immaterial. (*Banks* v. *Calstar Petroleum Co.*, 82 Cal.App.2d 789, 792 [5] [187 P.2d

127] ; *Sauder* v. *Mid-Continent Petroleum Corp.*, 292 U.S. 272 [54 S.Ct. 671, 78 L.Ed. 1255, 93 A.L.R. 454].)

Plaintiff was in doubt whether to appeal from the minute order granting nonsuit or from the formal judgment. Under the circumstances presented in the case at bar, in which findings were contemplated, it appears that the formal judgment was the appealable order and not the minute order. (*Herrscher* v. *Herrscher*, 41 Cal.2d 300, 304 [3-4] [259 P.2d 901] ; *Nicholson* v. *Henderson*, 25 Cal.2d 375, 378-381 [1-5] [153 P.2d 945].) The appeal from the minute order is dismissed.

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.