[Civ. Nos. 20554, 20660.   First Dist., Div. One.   July 11, 1963.]

DOROTHY DAVIS, Plaintiff, Cross-defendant and Respondent, v. E. A. TALIAFERRO, Defendant, Cross-complainant and Appellant.

E. A. Taliaferro, in pro. per., for Defendant, Cross-complainant and Appellant.

Frisbie & Hoogs and W. H. Hoogs for Plaintiff, Cross-defendant and Respondent.

SULLIVAN, J.—Appellant E. A. Taliaferro has taken two appeals on separate records from orders made in an unlawful detainer action. In Civil No. 20554, he has appealed from an order vacating an entry of default. In Civil No. 20660, he has appealed from an order granting a motion to strike a cross-complaint.

Following are the pertinent procedural events: On January 31, 1961, respondent Dorothy Davis filed a complaint in unlawful detainer against appellant. On *March 23, 1961,* appellant filed an answer thereto. At the same time,[1] appellant filed a ''CROSS-COMPLAINT FOR CONSPIRACY AND MOTION TO SET ASIDE SHERIFF'S SALE'' in three counts. Respondent and William H. Hoogs were named cross-defendants in all three counts; Walter C. Young, Sheriff of Contra Costa County, was named as an additional cross-defendant in the second and third counts. On *March 31, 1961,* respondent filed a motion to strike the above cross-complaint, which was taken under submission on *April 21, 1961.* While such motion was still under submission, and on *September 29, 1961,* the court ordered ''that the defaults of Cross-defendants Dorothy Davis and William H. Hoogs be entered herein.''[2] The minute order entered on such date further recites that ''the Court . . . finds that cross-complainant is entitled to relief on the 1st cause of action of the cross-complaint and the Court

[1]The record discloses no date of filing but shows that the pleading was verified on March 22, 1961.

[2]Appellant's request for entry of default dated September 28, 1961, was filed September 29, 1961. The clerk's entry of default was made the same date.

orders that the cross-complainant E. A. Taliaferro have judgment against the cross-defendants Dorothy Davis and William H. Hoogs in the sum of $15,000.00, together with costs. Cross-complainant to prepare judgment accordingly.'' However, no judgment was ever signed, filed or entered.

On November 3, 1961, respondent filed her motion to set aside the default entered September 29, 1961, and on November 16, 1961, the court made its order ''that the default of the cross-defendant Dorothy Davis heretofore entered is vacated and set aside.''[3] On November 20, 1961, appellant filed his notice of appeal from said order. (Civ. No. 20554 herein.)

On *December 6, 1961*, the court ordered that respondent's motion to strike appellant's cross-complaint be granted and that the cross-complaint be stricken. On *January 30, 1962*, appellant appealed ''from the order granted [*sic*] the motion to strike the cross-complaint of E. A. Taliaferro rendered on or about December 6, 1961, in favor of the plaintiff and cross-defendant, Dorothy Davis, and against this defendant and cross-complainant, and from the whole of the judgment thereof.''

We first turn to the appeal (in No. 20554) from the order vacating the entry of the default. As we have pointed out, no default judgment was signed, filed or entered subsequent thereto. ■ ''An order granting a motion to set aside a default before a judgment has been entered is a nonappealable order.'' (*Thomas* v. *Lee* (1949) 90 Cal.App.2d 44, 45 [202 P.2d 310] ; *Turner* v. *Follmer* (1948) 84 Cal.App.2d 815 [191 P.2d 777] ; *Bernards* v. *Grey* (1950) 97 Cal.App.2d 679, 683 [218 P.2d 597] ; *Esquivel* v. *Raney* (1951) 106 Cal. App.2d 162, 163 [234 P.2d 63] ; 3 Witkin, Cal. Procedure, pp. 2115, 2163.)

Appellant urges that the above rule is not applicable because the minute order of September 29, 1961, was a final judgment and therefore appealable. The contention has no merit. ■ The minute order in question states : '' Cross-complainant to prepare *judgment* accordingly.'' (Italics added.) The order therefore clearly shows on its face that it was a mere preliminary entry authorizing the subsequent judgment, that it did not finally dispose of the matter, and that the minute

---

[3]The written ''Order Vacating Entry of Default'' states: ''The file reveals that a motion to strike the cross-complaint was filed, that a hearing was held on said motion, and that the matter was submitted. The minutes of the Court do not reveal a decision on said motion. Pursuant to Section 435 of the Code of Civil Procedure, the cross-defendant's time to answer has been extended, and the default was improper.''

order itself was not a final appealable order. (*Butler* v. *City & County of San Francisco* (1951) 104 Cal.App.2d 126, 128 [231 P.2d 75]; *Kindig* v. *Palos Verdes Homes Assn.* (1939) 33 Cal.App.2d 349, 354-355 [91 P.2d 645]; see *Brown* v. *Memorial Nat. Home Foundation* (1958) 162 Cal.App.2d 513, 544 [329 P.2d 118, 75 A.L.R.2d 427] citing *Herrscher* v. *Herrscher* (1953) 41 Cal.2d 300, 304 [259 P.2d 901].)

Appellant seeks support in *People* v. *Taliaferro* (1954) 127 Cal.App.2d 462 [273 P.2d 920] where his appeal from an order denying a motion for change of venue was dismissed because not taken within 60 days of the entry of a minute order although within 60 days of the entry of a subsequent formal order. Appellant's argument appears to be that since the minute order in *People* v. *Taliaferro, supra,* was held to constitute the final disposition of that case, the minute order now before us should be held to constitute a final judgment in the instant case. The distinguishing factor however is that in *People* v. *Taliaferro, supra,* the minute order did not direct the preparation and filing of a formal written order. ■ The rule is settled that where a minute order directs that a written order be prepared, signed and filed, an appeal does not lie from the minute order but from the written order. (*Herrscher* v. *Herrscher, supra,* 41 Cal.2d 300, 304-306; *Wright* v. *Groom Trucking Co.* (1962) 206 Cal.App.2d 485, 488 [24 Cal. Rptr. 80]; *Wallace* v. *Imbertson* (1961) 197 Cal.App.2d 392, 397 [17 Cal.Rptr. 117]; see Cal. Rules of Court, rule 2(b)(2).)

■ We turn to the appeal (in No. 20660) from the order granting respondent's motion to strike the cross-complaint. Since the instant record fails to disclose that the cross-defendants William H. Hoogs and Walter C. Young have been served and have appeared, the order striking the cross-complaint can have validity only as between the parties before the court, that is respondent (plaintiff and cross-defendant below) and appellant (defendant and cross-complainant below). (*Mason* v. *Day* (1960) 187 Cal.App.2d 307 [9 Cal. Rptr. 531].) Indeed appellant raises no point to the contrary. As a result, the order striking the cross-complaint is nonappealable. It is not one of the orders specified in Code of Civil Procedure section 963 from which an appeal may be taken. It is not a final judgment. Nor can it be treated as a final judgment since it did not dispose of the litigation between appellant and respondent. (*Yandell* v. *City of Los Angeles* (1931) 214 Cal. 234, 235 [4 P.2d 947]; *Sjoberg* v.

*Hastorf* (1948) 33 Cal.2d 116, 118 [199 P.2d 668] ; *Mason* v. *Day, supra* ; *Kennedy* v. *Owen* (1948) 85 Cal.App.2d 517, 519-520 [193 P.2d 141].)

Appellant argues that upon the filing on November 20, 1961, of the notice of appeal from the order vacating the entry of the default, the court below lost jurisdiction of the cause and that accordingly its order striking the cross-complaint was void. This contention is also without merit. As we have pointed out, the appeal attempted to be taken on November 20, 1961, was from a nonappealable order. The trial court is not divested of jurisdiction by an appeal from a nonappealable order. (*Maxwell* v. *Superior Court* (1934) 1 Cal.2d 294, 297 [34 P.2d 475] ; *Central Savings Bank of Oakland* v. *Lake* (1927) 201 Cal. 438, 442 [257 P. 521] ; *Gregory* v. *Gregory* (1894) 102 Cal. 50, 51 [36 P. 364].)

The appeal in No. 20554 and the appeal in No. 20660 are, and each of them is, dismissed.

Bray, P. J., and Molinari, J., concurred.